cc'd 01/16/2018: JMS, RLP, PSA   ORIGINAL

1983 FORM Rev. 01/2008

Quintin-John D'Agirbaud, III
Name and Prisoner/Booking Number   A0265488

Halawa Correctional Facility
Place of Confinement

99-902 Moanalua Road
Mailing Address

Aiea, HI 96701
City, State, Zip Code

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 12 2018

at $\frac{6}{}$ o'clock and $OO$ min. $P$ M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

Quintin-John D'Agirbaud, III

(Full Name of Plaintiff)

vs.

Sarah Alanzo, Dovie Borges, Nolan

Espinda, Scott Harrington, Shari

Kimoto, Teresa Miike, Thomas Evans,

S. Ornellas, State of Hawai'i
(Full Names of Defendants; DO NOT USE *et al.*)

Case No. **CV18 00021JMS** RLP

(To be supplied by the Clerk)

PRISONER CIVIL RIGHTS COMPLAINT

JURY TRIAL DEMANDED

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

### A. JURISDICTION

1. Jurisdiction is invoked pursuant to:

   a. ☒ 28 U.S.C. § 1343(a)(3) ; 42 U.S.C. § 1983
   b. ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)
   c. ☐ Other: (Please Specify) _____

2. Plaintiff:   Quintin-John D'Agirbaud, III   #A0265488

   Institution/city where violation occurred:  Halawa & Waiawa Correctional Facilities, Honolulu, HI

3. First Defendant *:   Sarah Alanzo

   This defendant is a citizen of (state and county)  Hawai'i        Honolulu        ,
   and is employed as:

   Case Manager _____ at ____ Halawa Correctional Facility ____.
          (Position and Title)                      (Institution)
   This defendant is sued in his/her  X  individual  X  official capacity (check one or both).  Explain how

1

Copy sent on: __1/18/2018__
                    Date
Notes: Copy mailed to Mr. D'Agirbaud

1983 FORM Rev. 01/2008

this defendant was acting under color of law: Shared confidential info with "USO" gang leader "Levu", about the separtees I had against his gang members. Deliberately placed my life in danger by shouting I'm "ratting" on her inmates. Made threats to withhold my classification. Her actions resulted in me being violently assaulted and hospitalized by a gang member.

4. Second Defendant: __Dovie Borges__

This defendant is a citizen of (state and county) __Hawai'i__ __Honolulu__, and is employed as:

__Residential Administrator__ at __Halawa Correctional Facility__
(Position and Title)                              (Institution)

This defendant is sued in his/her __X__ individual __X__ official capacity (check one or both). Explain how this defendant was acting under color of law: Wrote demeaning responses to my inquires and inferred it is my own fault that I was set-up because inmates don't like to be around me. Her lack of appropriate action kept me mired in the system and sent me to a CCA prison in Arizona. This was retalitory action on her part because I proved her wrong in writing on multiple occassions and I was grieving my treatment.

5. Third Defendant: __Nolan Espinda__

This defendant is a citizen of (state and county) __Hawai'i__ __Honolulu__, and is employed as:

__Director of Public Safety__ at __State of Hawai'i__
(Position and Title)                              (Institution)

This defendant is sued in his/her __X__ individual __X__ official capacity (check one or both). Explain how this defendant was acting under color of law: Refused to address my concerns about violent gang members being housed with non-violent, non-gang inmates. His inaction resulted in impeding my progress through the system by sending me to a CCA prison in Arizona where I was stuck for several months. His inaction also caused me to be violently assaulted and hospitalized by a gang member.

(If you would like to name additional defendants, make a copy of this (blank) page and provide the necessary information.)

*     A defendant may be named in an individual or official capacity, or both. To sue a defendant in their **individual capacity**, you must be able to state facts showing that the defendant was <u>actually</u> involved in violating your rights. A suit against a defendant in their **official capacity** is in reality a suit against the <u>office or position</u> the defendant holds. Only injunctive relief is available in an official capacity suit against a state official. This is because the **Eleventh Amendment** confers immunity upon the state or its officials against monetary damages resulting from federal court litigation.

    "Color of law" refers to whether the person is a private party or an employee, official, or agent of a state, county, city, or the federal government. There can be no civil rights action under § 1983 unless the defendant was "acting under color of law." After the color of law requirement is met, then it must be determined in which capacity the defendant is being sued.

**\*\* SEE ADDITIONAL PAGES FOR DEFENDANTS \*\***

2

6.   Fourth Defendant: **Scott Harrington.**  This defendant is a citizen of Hawai'i,
     Honolulu, and is employed as: **Acting Warden** at **Halawa Correctional Facility.**  This
     defendant is sued in his individual **and** official capacity.  Explain how this
     defendant was acting under color of the law:  He answered my second step grievance
     and denied it stating that it was against CLOSED CUSTODY inmates' civil rights to
     have them segregated from the rest of the population due to their custody level.
     He stated, "Your best bet is to take care of your own business and leave the custody,
     care and monitoring of inmates to the Correctional Staff."  His lack of appropriate
     action resulted in me being violently assaulted and hospitalized by a gang member.

7.   Fifth Defendant: **Shari Kimoto.**  This defendant is a citizen of Hawai'i, Honolulu,
     and is employed as: **Acting Institutions Division Administrator** at **Department of
     Public Safety.**  This defendant is sued in her individual **and** official capacity.
     Explain how this defendant was acting under color of the law:  Shari Kimoto, as the
     final and ultimate recourse within the administrative remedy process, called my
     grievances moot and agreed that if I did my own time quietly, minded my own business,
     then I wouldn't be in this predicament.  She miscalculated my classification points.
     Her inaction caused me to be violently assaulted by a gang member, loss of advancment
     to work furlough, and sent me to a CCA prison in Arizona as retalition for me taking
     a stand against PSD.

8.   Sixth Defendant: **Teresa Miike.**  This defendant is a citizen of Hawai'i, Honolulu,
     and is employed as: **Administrator** at **Waiawa Correctional Facility.**  This defendant
     is sued in her individual **and**  official capacity.  Explain how this defendant was
     acting under color of the law:  On May 21, 2017 she did not respond to my letters
     and requests about my fears of being set-up by other inmates due to me pressing
     criminal charges against an USO gang member for physically assaulting me.  She gave
     me extra points on my classification to ensure that I go over the +8 which restricted
     me from returning to a minimum facility for 6+ months.  Her lack of appropriate
     action caused me to be set-up by other inmates and/or WCF staff who flood the prison
     with illegal drugs.  It also resulted in me being transferred to a CCA prison in
     Arizona and stopped me from progressing to work furlough.

                    ** SEE ADDITIONAL PAGE FOR DEFENDANTS **

                                    2-A

9.   Seventh Defendant: **Thomas Evans**.  This defendant is a citizen of Hawai'i, Honolulu, and is employed as: **Chief of Security** at **Waiawa Correctional Facility**.  This defendant is sued in his individual **and** official capacity.  Explain how this defendant was acting under the color of law:  He did not respond to my letters or requests about my fears of being set-up by inmates due to me pressing charges against an USO gang member for assaulting me.  His lack of appropriate action caused me to be set-up by other inmates and/or WCF staff who flood the prison with illegal drugs.  He did not have pictures or toxicology reports of the supposed "substance" found, all which caused me to be transferred to a CCA prison in Arizona and stopped me from moving forward through the work furlough program.

10.  Eighth Defendant: **S. Ornellas**.  This defendant is a citizen of Hawai'i, Honolulu, and is employed as: **Acting Warden** at **Waiawa Correctional Facility**.  This defendant is sued in his individual **and** official capacity.  Explain how this defendant was acting under the color of law:  He refused to respond to my letters or requests about my fears of being set-up by inmates due to me pressing charges against an USO gang member for assaulting me.  He refused to follow the PSD policy in the refund of inmates commissary to the store for a refund when inmate is sent to segregation. He turns a blind eye to his staff trafficking drugs through the facility.  His lack of appropriate actions resulted in me being transferred to a CCA prison in Arizona, loss of over $150.00 from commissary, and me being denied forward progress to the work furlough program.

2–B

1983 FORM Rev. 01/2008

## B. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits while a prisoner:   ☒ Yes        ☐ No

2. If your answer is yes, how many?: ____One____ Describe the lawsuit in the spaces below.

3. First previous lawsuit:

   a.  Plaintiff __Quintin-John D'Agirbaud, III_____

       Defendants __State of Hawai'i - Department of Public Safety____

   b.  Court and Case Number (if federal court, identify the district; if state court, identify the county): ____First Circuit Court of Hawai'i  No. 16-1-0454-03____

   c.  Claims raised: ___Sexual Assault by Staff_____

   d.  Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)
       ____Pending_____

   e.  Approximate date of filing lawsuit ___March 2016_____

   f.  Approximate date of disposition ___April 2018_____

4. Second previous lawsuit:

   a.  Plaintiff _____

       Defendants _____

   b.  Court and Case Number (if federal court, identify the district; if state court, identify the county):
       _____

   c.  Claims raised: _____

   d.  Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)
       _____

   e.  Approximate date of filing lawsuit _____

   f.  Approximate date of disposition _____

3

1983 FORM Rev. 01/2008

5.  Third previous lawsuit:

    a.   Plaintiff _____

         Defendants _____

    b.   Court and Case Number (if federal court, identify the district; if state sourt, identify the county):

         _____

    c.   Claims raised: _____

    d.   Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)

         _____

    e.   Approximate date of filing lawsuit _____

    f.   Approximate date of disposition _____

(If you have filed more than three lawsuits, make a copy of this (blank) page and provide the necessary information.)

6.      Have you filed any actions in federal court that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief could be granted? ___ Yes **x** No.

        **If you have had three or more previous federal actions dismissed for any of the reasons stated above, you may not bring another civil action in forma pauperis unless you are under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).**

4

1983 FORM Rev. 01/2008

## C. CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):

EIGHTH AMENDMENT - Prevention of violence & assaults by other inmates.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)   ☐Mail   ☐ Access to the court   ☐Medical care   ☐ Disciplinary proceedings   ☐Property   ☐ Exercise of religion   ☐Retaliation   ☐ Excessive force by an officer   ☒Threat to safety   ☐Other:_____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)
On July 27, 2016 I wrote a letter to PSD Director, Nolan Espinda, regarding CLOSED CUSTODY, violent, gang members being housed with non-violent, non-gang, medium and and minimum custody inmates. This letter was never answered. On February 20, 2017, I placed a separtee against inmate Brian Aquino, an USO gang member who made physical and verbal threats of violence towards me. Case Manager, Sarah Alanzo, then informed USO gang leader inmate "Levu" that I placed a separtee on Aquino and that I had multiple separtees against other USO gang members. On March 17, 2017, Alanzo called me down and started yelling at the top of her voice that, "you better stop ratting on inmates in here. I'm the one doing your transfer packet, do you want it to take longer?" I immediately reported this incident to UTM Keone Morreria and RSA Dovie Borges. On March 18, 2017 I was physically assaulted by another USO gang member, Joel Pitts who was also CLOSED CUSTODY. This assault was witnessed by an ACO.
On April 8, 2017 I was assaulted yet again by another CLOSED CUSTODY, USO gang member, Gaius Awong whom was acting on instructions given by USO gang leader "Levu". I was hospitalized and suffered a broken index finger, a broken nose, fractured orbit around my right eye and damaged my vertebrae in my upper spine. All steps of my grievances were denied by staff members; Borges, Harrington, and Kimoto. They upheld their erroneous policy of housing violent CLOSED CUSTODY gang members with the general population. This is injust for inmates who are trying to go home and have lower custody levels. I have all supporting documents for review.

4.      Injury: (State how you have been injured by Defendant(s)' actions or inactions.
I suffered major physical injury as well as psychological damage where I was diagnosed having PTSD due to the mutiple assaults upon my person. The injuries are permanant and I will have to go through physical and psychological therapy for as long as I live. No person, inmate or otherwise, should have to be subjected to that type of violence without prison administration attempting to remedy their faulty classification and housing system.

2c1513cfd158a058

1983 FORM Rev. 01/2008

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):

**EIGHTH AMENDMENT – CRUEL & UNUSUAL PUNISHMENT**

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)
☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☒ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other:_____

3. **Supporting Facts:**(State as briefly as possible the FACTS supporting Count II, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)
On April 4, 2017, I wrote to Unit Manager Keone Morreira informing him of Case Manager Sarah Alanzo's personal vendetta towards me.  She refused to initiate my reclassification and subsequent transfer packet.  On April 5, 2017, inmate Gaius Awong, a CLOSED CUSTODY, USO gang member who was just released from segregation for assaulting an inmate in another module and Sarah Alanzo, out of retaliation had inmate Awong placed in my quad where I was working as the quad floorboy.  Sarah Alanzo did this because I had to write to her superiors on several occassions about her conduct towards me.  When I asked her about my reclass she told me, "you're not going to place my inmates where you want, I will place them where I want."  Her remark had nothing to do with what I was inquiring.  Less than four days later, on April 8, 2017, I was violently assaulted by inmate Gaius Awong.  Prior to this assault I had informed PSD Administration on several occassions about being housed with CLOSED CUSTODY, violent, gang members.  I was told in no uncertain terms to mind my own business.  On October6, 2017 RSA Dovie Borges wrote me a letter to my inquiry about being set-up by gang inmates.  She inferred it was my own fault and condoned the actions of these inmates by writing: "Part of the reason that you may be labeled as a "rat" is the overt way you tell on about every other inmate's wrongdoing.  For that reason, other inmates do not want to be around you.  Had you not been so obvious, this might not have happened to you.  When you can just mind your own business and do your own time, everything will settle down for you."  Due to the fact that I was grieving multiple issues PSD, out of retaliation, sent me to the CCA prison in Arizona to hinder me access to courts and legal needs.

4.      Injury: (State how you have been injured by Defendant(s)' actions or inactions.)
I have been harrassed and threatened by inmates because os Alanzo's collusion with the USO gang.  I was displaced and not allowed to move forward in the system and to go to work furlough where I had employment waiting for me.  Administration uses scare tactics and blames me for being preemptive by reporting potential harm to avoid the very thing that happened to me.  I was brought back from CCA on October 1, 2013 and now 4 years later, because I am grieving the gross injustices I've suffered perpetuated by PSD, they sent me back to CCA Arizona out of retaliation, where the very inmates who assaulted me are located.

6

1983 FORM Rev. 01/2008

## COUNT III

1.    . The following constitutional or other federal civil right has been violated by the Defendant(s):

_____

FOURTEENTH AMENDMENT - DUE PROCESS

_____

2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should
   be stated in a different count)    ☐ Mail    ☐ Access to the court    ☐ Medical care
☒ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other:_____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III, without citing legal
   authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

On May 19, 2017 I was transferred to the Waiawa Correctional Facility.  On May 22, 2017
I wrote to Adminstrator, Teresa Miike informing her of my recent assault at Halawa.  I
wanted to be assured that I would not be assaulted again or set-up by other inmates who
were looking to retaliate against me for pressing charges against USO gang member, Gaius
Awong.  She never responded.  On May 26, 2017 I informed my case manager, Cristy, that
they put Dean Kokobun right next to me who just came from HCF telling everyone that I'm
a rat and that I'm going to "get it".  Nothing was done.  On July 17, 2017 I wrote a
letter to COS Thomas Evans again expressing my concerns about being set-up by inmates.
I asked to be moved from my section and away from these inmates.  No response given.
On July 27, 2017 I was called from work at the farm and placed in segregation.  Inmates
placed something in my locker and sent a "kite" telling staff where to find it in my
locker.  I was given a urinalysis test with all negative results.  The investigating
sergeant used me by telling me he knows that I was set-up and for me to give him all the
names of the inmates doing the drugs and how it was being distributed across the facility.
I thought he was on my side and was helping me because my fears of being set-up came to
fruition.  However, I was found guilty.  I was not given my right to examine any and all
written material concerning my charges as it stated on the Notice of Hearing that I
signed.  I was told I could ask for all the written material after I was found guilty.
Shari Kimoto stated that "formal rules of evidence does not apply to misconduct hearings",
thus leaving me without any defense, although I sought help from staff on numerous
occassions because I knew other inmates were planning something.  I did not know exactly
what they planned to do to execute their retaliation against me.

Continued on Page 7-1 -----------)

4.     Injury: (State how you have been injured by Defendant(s)' actions or inactions.

A false drug writ-up is placed in my jacket as if I'm some big time prison drug dealer.
I was sent back to Halawa and then to CCA Arizona, hindering me from moving forward
through the system to go to work furlough.  Administration used scare tactics and blames
me for reporting issues to them to avoid the very thing that happened to me.  PSD
Administration is lax and used me as the scapegoat to get the information they wanted.

(If you assert more than three Counts, make a copy of this (blank) page and provide the necessary information.)

7

COUNT III CONTINUED:

**Supporting facts:** It is prevalent throughout Waiawa Correctional Facility of inmates and staff setting up inmates they do not like to protect their illegal drug ring and protect the staff that are bringing in the drugs.  The WCF Administration is not competent in keeping their staff from flooding the facility with drugs and uses the erroneous disciplinary process to hide behind.  When I grieved this issue the WCF warden refused to answer my grievance which violates my right for administrative review through the grievance process.  On the final step of the process, Shari Kimoto answered using language such as "doing my time quietly and minding my own business" which has <u>nothing</u> to do with what I was grieving.  I feel threatened by her statements and fear further retalitory tactics from staff for filing a legal complaint.

1983 FORM Rev. 01/2008

## COUNT IV

1.      The following constitutional or other federal civil right has been violated by the Defendant(s):

_____

**FOURTH AMENDMENT - Prohibition of Unreasonable Search & Seizure**

_____

2. Count IV involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)   ☐ Mail   ☐ Access to the court   ☐ Medical care

☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation

☐ Excessive force by an officer   ☐ Threat to safety   ☒ Other: **Cell & Locker Searches**

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count IV without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)
On July 26, 2017 approx. 2030 hrs, ACO's searched my locker and belongings while I was at education. The reason for this search was because an inmate was high on drugs and staff was searching for drugs. On July 27, 2017 approx. 0645 hrs, less than 12 hours since the prior search, again without me being present and I am told that a "brown leafy substance" was "found" in my locker. On that morning I was called back from my work assignment at the Farm to building 9A where I found my locker open and all my belonging scattered. During normal locker searches the ACO asks the inmate to come to their living space and to open their own locker. The inmate is then present the entire time that his locker and belongings are being searched. Not only was I not present for either search, when I asked to see what they claimed was found I was refused. I was hancuffed and sent to segregation. The reason for this search was a "kite" sent to staff stating that I'm "selling spice and pot. Check under tray in locker." When I grieved this issue the WCF warden refused to answer my grievance. I asked for a toxicology report as well as pictures of this "brown leafy substance". There was no toxicology report nor any photos with the reports and discovery. Shari Kimoto stated that "formal rules of evidence does not apply". So if staff says it was there then it was there. This violates my right of being present during the search as well as my right to see exactly what was seized and how they determined what this substance was. I've never done an illegal drug in my life inside or outside of prison which my crimes and my prison file reflect. I conveyed to staff on multiple occassions my fears of being set up by inmates and nothing was done to help me. I was basically told to keep my mouth shut and mind my own business.

4.      Injury: (State how you have been injured by Defendant(s)' actions or inactions.
A false drug writup was placed in my file as if I'm some big time prison drug dealer. I was sent back to Halawa and then to a CCA in Arizona where it was difficult for me to get my paperwork from grievances and stalled me from moving forward through the system for a minimum of 6+ months. Administration protects their staff who are flooding the prison with drugs by using scapegoats like me.

(If you assert more than three Counts, make a copy of this (blank) page and provide the necessary information.)

1983 FORM Rev. 01/2008

## C. CAUSE OF ACTION

## COUNT V

1.  The following constitutional or other federal civil right has been violated by the Defendant(s):

---

**FOURTEENTH AMENDMENT — DUE PROCESS**

---

2.  Count V involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)  ☐Mail  ☐ Access to the court  ☐Medical care
☐ Disciplinary proceedings  ☐Property  ☐ Exercise of religion  ☐Retaliation
☐ Excessive force by an officer  ☐Threat to safety  ☒Other: **CLASSIFICATION PROCEDURES**

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count V without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)
On February 14, 2017, I received a letter from RSA Dovie Borges telling me that my "reclassification numbers are inaccurate". She does not know how to do class-ifications and I proved that she was incorrect. On August 23, 2017, Teresa Miike OSSA, reclassed me due to the "drug" misconduct. She gave me 2 points stating I was terminated from my job which was not true. On the reclass instrument for question #11 it states, "Refused or Terminated from job or program". I completed my required program, "Lifestiles", and I was doing an excellent job at my work assign-ment and I was never terminated from work nor did I receive any paperwork stating I was terminated with reason why. Miike says I was terminated from the job because I left the facility. Question #11 refers directly for being terminated from one's job/program as a sanction. Further points are given in that category if your mis-conduct was work related.  At the very least I should have received -1 point for completing my program or 0 points for waiting for a new job. Miike gave me +2 points to ensure that I go over the +8 points and below that I needed to immediately return to Waiawa. By giving me +2 points put me over the eligibility by +1 point for a total of +9 points. This was done intentionally so I would not return to WCF for 6+ months. In my grievance answer, dated November 21, 2017, Shari Kimoto stated, "you have +9 points with or without the +2 points from being terminated from the workline". If the +2 points were not given I would have +7 points making me minimum custody. Further, when inmates leave a facility where they are working

Continued on Page 7-B1 ------------)

4.  Injury: (State how you have been injured by Defendant(s)' actions or inactions.
Due to Miike and Kimoto giving different results for my classification, I suffered by being brought back to Halawa and then to the CCA prison in Arizona. I was denied the opportunity to move forward in the system and on to work furlough.

---

**COUNT V CONTINUED:**

**Supporting facts:** they are not terminated from their jobs and they do not receive +2 points on their classification.  PSD is manipulating the point process to suit their own needs, instead of following ploicy. I know the reclassification system by heart because I like to be aware what Administration is doing when it comes to my classification and my transfer.  Both the IDA and RSA gave misinformation in writing about my classification.  If those in PSD Administration who oversee front line staff, do not know how their own system works then how do they expect their front line staff to do it correctly?  Mismanagement and lack of training is prevalent here.

1983 FORM Rev. 01/2008

## COUNT VI

1.     The following constitutional or other federal civil right has been violated by the Defendant(s):

_____

**FOURTEENTH AMENDMENT - DUE PROCESS**
_____

2.  Count VI involves: (Check **only one**; if your claim involves more than one issue, each issue should
be stated in a different count)   ☐ Mail      ☐ Access to the court      ☐ Medical care

☐ Disciplinary proceedings      ☒ Property      ☐ Exercise of religion      ☐ Retaliation

☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other:_____

3. **Supporting Facts:**(State as briefly as possible the FACTS supporting Count VI without citing legal
authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)
On July 26, 2017 approx. 1030 hrs. I signed for a $130.00 store order at Waiawa
Correctional Facility. On July 27, 2017 approx. 0630 hrs. I was sent to the WCF
Segregation for a misconduct investigation.  ACO Tuvale listed all of my store
order on the proper property receipts.  I asked him to have all of my store order
returned to the commisary for a refund and to have my money placed back in my
spendable account in accordance with PSD policy.  He said he was not sure if he
could do that, and asked me to write down an address to send any of my "excess"
property out. On 7/28/17 I was sent to Halawa Correctional Facility and was
propmptly placed in segregation where I remained until 9/6/17. On 7/28/17 I wrote
a letter to HCF Warden Harrington, asking to have my store order transferred to
HCF for a refund. On 8/1/17, RSA Dovie Borges wrote, "Regarding your property,
you need to submit an inter-unit request via your case manager & unit manager
regarding transferring." On 7/28/17 I also wrote a grievance asking that my store
order be returned, refunded and my account credited.  On 8/1/17 I submitted a
State Tort Claim under §HRS Chapter 662. On 11/28/17 the State Accounting Office
declined my claim stating through false info given by PSD that: #1 "You were
transferred to HCF **prior** to being placed in segregation." and #2 "According to
the department, store orders cannot be transferred between facilities."
PSD policy of the Personal Property of Inmates according to **Cor 17.02.7 Transfers
to Segregation (b). Store Orders - The store orders of an inmate transferred to
segregation shall be protected in (2) ways: 1.) Return all unused items to the
commissary and credit the inmates account accordingly".**
                                        **Continued on Page 7-C1------)**
4.     Injury: (State how you have been injured by Defendant(s)' actions or inactions.
 I lost out in #130.00 of store order and another $150.00 of property. The
WCF Administration did not acknowledge my resolutions on my grievances and
lied to the State Accounting Office during their investigation.  I would like
$280.00 refunded to my spendable account for my losses.

_____

7-C

**COUNT VI CONTINUED:**

**Supporting Facts:**

PSD's policy for the store order of inmates sent to segregation, is not considered "property" per se.  This policy was created to stop the consistent theft of inmates' store order by staff and inmates, who are sent to segregation and they have no control over the "bagging" of their personal belongings.  **ALL** the State prisons in Hawai'i  facilities receive, pack and deliver store orders from Halawa Correctional Facility, this includes: Waiawa Correctional Facility, Oahu Community Correctional Center, Women's Community Correctional Center as well as Halawa Correctional Facility. In order to follow the PSD policy, no matter what facility the inmate is housed, the store order must be returned to the commissary at HCF and refunded to the inmates account.  Not only was my store order not refunded, it wasn't sent to the address on the Excess Property Notice that I signed as an alternative.  Therefore, PSD-Waiawa stole $130.00 of new store order items as well as $150.00 of excess property, and danced around their own policy to make it seem as if I am misinterpreting its meaning and PSD lied to the State Fiscal Office in its investigation.

7-C1

1983 FORM  Rev. 01/2008

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.  Make no legal arguments.  Cite no cases or statutes.
**Plaintiff prays for judgment against the Defendants for damages in excess of the minimum jurisdictional limits to be decided upon by a jury as follows:**
1. Plaintiff is currently "community custody" and would like to be immediately placed in the Laumaka Work Furlough Program without retaliation by the State or its inmates; 2. Mandatory Injunction that PSD Hawai'i ceases to house CLOSED CUSTODY, VIOLENT, GANG MEMBERS with Medium & Minimum custody inmates; 3. Punituve and Exemplary damages; 4. General damages for Plaintiff's past, present and future physical, medical and psychological injuries according to proof; 5. Special damages for Plaintiff's past, present and future expenses and other economic losses according to proof; 6. For pre-judgment interest Plaintiff's cost of suit, attorney's fees; and 7. For such other relief as the jury and this court deems just and proper.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. See 28 U.S.C. § 1746 and 18 U.S.C. §1621.

Signed this __5th__ day of __January__, __2018__.
                              (month)              (year)

_____
(Signature of Plaintiff)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than **fifteen (15) additional pages**.  Number these pages in relation to the final page number of the section that is being extended (i.e. additional defendants' pages should be numbered "2A, 2B, etc.," additional previous lawsuits' pages "4A, 4B, etc.," additional claims should be numbered "7A, 7B, etc." This form, however, must be completely filled in to the extent applicable.