**EXHIBIT E**

397075

(This Control No. Must Accompany All Appeals)

**STATE OF HAWAII – DEPARTMENT OF PUBLIC SAFETY**
**ADMINISTRATIVE REMEDY FORM**

Do Not Write in this Space
OFFICIAL USE ONLY
Date Received: 9/21
Date Logged: 9/27
Date Returned:
Response Due: 10/25

S-3

NAME: Quintin - John D'Aguiabaud III   SID: A0265488

HOUSING: HCF   4B #14
Facility   Module/Unit/Block/Cell

CONTROL NO: Step 1
Step 2 397072

TO: (Step)- 1. _____ Section supervisor/Inmate Grievance Specialist
2. _____ Appeal Branch/Core Program Administrator/Inmate Grievance Specialist
3. (X) Appeal Institutions/Core Program Division Administrator/Inmate Grievance Specialist

I attempted to solve this problem through informal discussion with: _____ on _____
Resolution could not be obtained because: No RESPONSE From 2ND STEP!

Subject cannot be resolved informally because: _____
Attachments included: (Lower Step 1; Step 2; Misconduct & Hearing (DOC-8210A); Misconduct Report (DOC-8210)

**STATEMENT OF COMPLAINT/GRIEVANCE:** Upon careful review of the discovery for this write-up, it is quite evident that another person(s) planted the questionable substance in my locker. A "kite" was turned in stating," Quintin Dagiribaud is selling spice and pot. Check under tray in locker." whoever wrote this, placed that stuff in my locker. I went from "the rat" to the facility's drug dealer? Further, there is no copy of said "kite" with the discovery. I was charged with both a 7(q) & 7(15) misconduct, when I questioned this, Sgt. Kuehu stated that they did not know what it was and would turn it over to "Narcotics" for tests. However, according to his memo to Lt. Monteilh he stated that he contacted "NEO agent Mike Hartsock" and that he gave him my name and ID#. Why was the "brown leafy substance which sort of smelled like marijuana," not turned over to this 'agent' Hartsock to determine exactly what it was?, who made the decision that it was drugs w/o any tests done on it? There is no toxology report on the substance" nor any PSD Form 8231 consistent with PSD policy, Search and Seizure procedure cor.08.03 & 08.04. There is not even any picture of the found substance and I was never shown it was found, despite my numerous requests to see it. why would something as serious as drug evidence found in an inmates locker not be photographed at the proper form 8231 used to show it's disposal? I reiterate that I informed in writing to Admin. Miike, COS Evans and sm cristy about my fears of being set up by inmates. The day this was found in my locker, my locker was searched by staff the night before @ 2030hrs, my locker was unlocked throughout RESOLUTION SOUGHT: the night nd I relocked it upon leaving the building that morning to go to work on the farm. Inmates watched my routine and found the opportune time to plant

INMATE SIGNATURE: [signature]   DATE: Sept 29, 2017   Addendum attached ➡

**RESOLUTION: (Do Not Write In This Space. OFFICIAL USE ONLY)**,

The following is in response to your step III grievance appeal. In reviewing the facility's report and photos, the evidence was indeed turned over to the Department's Narcotics Division for field testing and it tested positive for THC (Marijuana). Formal rules of evidence shall not apply to misconduct hearings. The Adjustment Hearings Officer may rely on any form of evidence, documents, or testimonies, which it believes is reliable. You were also given the opportunity to respond to the evidence against you, explain your side of the story, and offer additional information to support your case. Your allegations of being a "rat" and being "set-up" repeatedly comes up at every facility you are housed at (CCA, HCF, WCF). There are many other inmates that do their time quietly, obey the rules, mind their own business, and successfully progress through the system. How can we send you directly to the furlough program when you can't make it at a minimum-security facility? Your misconduct stands. Your grievance is denied.

In accordance with P&P COR.12.03.10.6, this decision is final and the ultimate recourse available within the administrative remedy process.

SIGNATURE OF RESPONDENT: SHARI KIMOTO   TITLE: Actg Institutions Div Adm   DATE: 11/2/17

Appeals must be filed within five (5) calendar days upon receipt. Signed & dated ROAs must be returned. Step 3 responses are final.

INMATE ACKNOWLEDGED RESPONSE _____   DATE _____   11/3

WHITE/File   CANARY/Inmate Answer   PINK/Respondent   GOLD/Inmate Receipt   PSD 8215 (rev. 10/2015)

GRIEVANCE # 397075                    ADDENDUM

substance and write 'kite' telling staff exactly where to look to be sure that staff finds it because they know that I constantly search my bed area and locker each day I come home from work. All that week there were multiple "spice" incidents, UA's and shakedowns, yet I'm selling dope and leaving it in my locker to be readily found by staff?

Sgt. Kuehu used me to tell all what was going on with the spice/tobacco going around rampant on the facility. He said that he knew I was set-up and if I help him he would work on proving I was set-up. That never happened. I was found guilty and he used my statements to investigate each person in my statements. A month later every single person in my statement were returned to HCF for unclean urinalysis tests. All these individuals were @ WCF 6+ months before I got to WCF, their dealing and smoking drugs went unnoticed until I provided Sgt. Kuehu with the information, otherwise they would still be at WCF doing their illegal activity.

I am not a drug addict, not a drug or cigarette smoker and not a drug dealer, the mere thought is beyond ridiculous.


* Resolution Sought: I ask that an appropriate investigation be launched on what I wrote herein, by reviewing my active file, my criminal history including LSI and other supporting facts showing I do not and never did use drugs or tobacco products of any kind. I ask that this misconduct, 7(a) be overturned, that I am reclassified to community custody and I am sent to LWFC as soon as possible. I am willing to participate in the "Bridge" program in order not to be sent to module 20 where I can easily be set-up again.          September 27, 2017

EXHIBIT E-2

| | INMATE'S NAME: |
|---|---|
| **DEPARTMENT OF PUBLIC SAFETY ADMINISTRATIVE SEGREGATION FORM PART A** | **Quintin Gehn Dagirbaud** |
| | INMATE'S SID: |
| | **A0265488** |
| | HOUSING MOVEMENT FROM/TO: |
| | **Building 9B to Cell#2** |

## REASON(S) FOR PLACEMENT IN ADMINISTRATIVE SEGREGATION (PART A)
### TO BE COMPLETED BY WATCH COMMANDER OR HIGHER AUTHORITY

**CHECK ALL THAT APPLY:**

☐ INMATE PRESENTS AN IMMEDIATE THREAT TO SAFETY OF SELF OR OTHERS

☐ INMATE JEOPARDIZES INTEGRITY OF INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ INMATE ENDANGERS INSTITUTIONAL SECURITY

☐ OTHER _____

**DESCRIPTION OR CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:**

13.03 4.0.3. a.7(9) Possession, introduction, manufacturing or use of any narcotic paraphernalia, drugs, intoxicants, synthetic drug composition or alcoholic beverage not prescribed for the individual by medical staff, which includes any form of being intoxicated.

13.03 4.0.3. a.7(15) Possession, introduction, or use of any tobacco/nicotine, tobacco/nicotine product, or tobacco/nicotine paraphernalia. Ths does not apply to inmates in a community based furlough program, unless the incident resulted in an arrest on a criminal offense/charge.

Inmate Dagirbaud was allegedly in possession of contraband (a brown leafy substance). The item was found in his assigned footlocker

This charge carries a maximum sentence 30 days

☐ CONTINUED ON ATTACHED PAGE   ☐ IF BASED ON CONFIDENTIAL INFORMATION, DATE INMATE NOTIFIED_____

| DATE OF PLACEMENT: **7-27-17** | PRINT NAME AND TITLE OF AUTHORIZING PERSON: **Lieutenant A. Monteilh** | SIGNATURE OF AUTHORIZING PERSON: |
|---|---|---|
| DATE AND TIME NOTICE SERVED ON INMATE: **7-27-17  0855 HOURS** | PRINT NAME AND TITLE OF STAFF SERVING PLACEMENT NOTICE: *Brandon Tamar Aco III* | SIGNATURE OF STAFF SERVING PLACEMENT NOTICE: |
| | INMATE SIGNATURE AND DATE: *7-27-17* | ☐ INMATE REFUSED TO SIGN. THE STAFF MEMBER SERVING THE FORM WITNESSED THE REFUSAL AND PROVIDED THE INMATE A COPY THIS FORM. |

*DISTRIBUTION: INMATE, INSTITUTIONAL FILE, SEG UNIT, FACILITY HCU CLINICAL SECTION ADMINISTRATOR, COS, CS I/II*

PSD 8226 (May 2014)

**Inter-Office**
**MEMORANDUM**

**DEPARTMENT OF PUBLIC SAFETY**

No. _____
Suspense: _____

July 27, 2017

TO:         Lieutenant A. Monteilh   *AL* 7/27/17

FROM:       Sergeant D. Kuehu   *DK* 07-27-17

SUBJECT:    Dagirbaud, Quintin A0265488


On Thursday, July 27, 2017 at 0615 hours I, Sergeant Kuehu was notified by Intake Officer
ACO C. Foumai that he received an Inmate Request Form (kite) stating that inmate "Quintin
Dagirbaud is selling spice and pot. Check under tray in locker." Lieutenant A. Monteilh
notified.

At 0645 hours ACO Tuvale and I went to Building Nine while Building Nine was out to
breakfast chow. Inmate Dagirbaud, Q. is assigned to Bunk 9A G2. ACO Tuvale and I checked
inmate's Dagirbaud, Q. assigned footlocker. Inmate's Dagirbaud, Q. footlocker was locked at
the time, as I did have to open it with the footlocker master lock key. I, Sergeant Kuehu did
locate a wrapped item taped underneath sliding metal tray located in inmate's Dagirbaud, Q.
assigned footlocker. Item was wrapped in a yellow tea bag paper and appeared to be of a brown
leafy substance which sort of smelled like marijuana. Lieutenant A. Monteilh notified

At 0700 hours inmate Dagirbaud, Q called to Building Nine from the Farm work line. Inmate's
Dagirbaud, Q. bagged his state and personal property to be place into lockdown.

At 0715 hours inmate Dagirbaud, Q. taken to Medical to be seen by RN Northup.

At 0720 hours inmate Dagirbaud, Q. taken to UA officer J. Corn to collect a UA sample.

At 0727 hours inmate Dagirbaud, Q taken to Central Control (C/C) to be inventoried by ACO
Tuvale and placed into Cell Two.

At 0812 hours I, Sergeant Kuehu was able to contact NED agent Mike Hartsock and notify him
about what I had found. Inmate's name and ID# given.

Inmate Dagirbaud, Quintin A0265488 is charged with the following:

13.03 4.0.3 a 7(9) Possession or introduction, manufacturing or use of any narcotic
paraphernalia, drugs, Intoxicants, synthetic drug composition or alcoholic beverages not
prescribed of the individual by the medical staff, which includes any for on being intoxicated.

PSD 1005 (3/88)

EXHIBIT  E-3

**Inter-Office**　　　　　DEPARTMENT OF PUBLIC SAFETY　　　　No. _____
**MEMORANDUM**　　　　　　　　　　　　　　　　　　Suspense: _____

13.03 4.0.3 a 7(15) Possession, introduction or use of any tobacco/nicotine, tobacco/nicotine product or tobacco/nicotine paraphernalia. This does not apply to inmates in a community based furlough program, unless the incident resulted in an arrest on a criminal charge.

Reports and photos submitted for your review.

EXHIBIT E-4

| Inter-Office MEMORANDUM | DEPARTMENT OF PUBLIC SAFETY | No. _____ |
|---|---|---|
| | | Suspense: _____ |

July 27, 2017

TO:     T. Evans, COS   *7/28/17*

FROM:  A. Monteilh, LT   *7/27/17*

SUBJECT: Building Nine inmate Quintin Gehn Dagirbaud A0265488 in possession of contraband (a brown leafy substance) found in his assigned footlocker.

Today, Thursday July 27, 2017 at about 0615 hours, Sergenat Kuehu showed me on an inmate request a kite that stated inmate Quintin Dagirbaud had spice in his footlocker.

At 0645 hours, Sergeant Kuehu along with ACO Tuvale searched the inmate's footlocker and found what appeared to be a brown leafy substance wrapped in a tea wrapper.

At 0700 hours, inmate Dagirbaud was escorted by Sergeant Kuehu and ACO Tuvale to be processed to lockdown.

At 0715 hours, inmate Dagirbaud went to the Medical Unit to be assessed.

At 0720 hours, inmate Dagirbaud provided a UA sample for UA officer ACO Corn

At 0727 hours, inmate Dagirbaud went back to Central to have his property inventoried by ACO Tuvale and then placed in Cell #2.

At 0812 NED was notified of the contraband item and the item was bagged, tagged, and placed in the Lieutenant's safe.

Inmate Dagirbaud is charged with the following:

13.03 4.0.3. a.7(9) Possession, introduction, manufacturing or use of any narcotic paraphernalia, drugs, intoxicants, synthetic drug composition or alcoholic beverage not prescribed for the individual by medical staff, which includes any form of being intoxicated.

13.03 4.0.3. a.7(15) Possession, introduction, or use of any tobacco/nicotine, tobacco/nicotine product, or tobacco/nicotine paraphernalia. This does not apply to inmates in a community based furlough program, unless the incident resulted in an arrest on a criminal offense/charge.

Sergeant Kuehu is assigned this investigations with a suspense date of July 30, 2017.

Reports and photos submitted for your review.

EXHIBIT E-5

STATE OF HAWAII
## DEPARTMENT OF PUBLIC SAFETY
## INCIDENT REPORT

Facility: WCF

Prepared on: 07/27/2017

TO: LT Monteilh   all 7/27/17   THRU: SGT Kuehu   07/27/17
(Administrator/section supervisor)                 (Watch Supervisor)

| DATE | TIME | NARRATIVE<br>(Specify inmate name & ID and location if related to misconduct) |
|---|---|---|
| 07/27/2017 | 0645 Hrs | On this date + time. I, ACO F Tuvale conducted A search on building 9 "A" wing section G2 with SGT Kuehu. We search I/m Dagribaud, Quinton (A0265488) Lockers. During the search SGT Kuehu found contraband in inmates DAGRIBAUD Lock We locked inmate DAGRIBAUD up + took Him to the HCU where nurse Jennifer Ascad did an assessment on the inmate. Next we took inmate DAGRIBAUD To Be UA. Finally we took him up to central to seperate his property + lock him down. |
|  | 0800 Hrs | Property is complete, Inmate DAGRIBAUD has been placed in cell #2 off pod. |

EXHIBIT E-6

By: Foo fota. Tuvale _____   ACO III
Reporting Officer/Employee              Title

Inmate Dagirbaud, Quintin – 07/27/17



*Inmate Dagirbaud's assigned Area 9A setion G and foot locker*



*Inmates Dagirbaud's assigned foot locker*



*Item found under sliding metal tray*

EXHIBIT  E-7

**Inter-Office**
**MEMORANDUM**                    **DEPARTMENT OF PUBLIC SAFETY**

No. _____

Suspense: _____

July 27, 2017

TO:            Thomas, Evans, Chief of Security   *7/28/17*

                                                                    *An C 7/27/17*

THROUGH:    Lieutenant A. Monteilh  Second Watch Commander

FROM:          James Corn, UA Officer   *7/27/17*

SUBJECT:     UA from Inmate Dagirbaud, Quintin  (A0265488)


   On Thursday, July 27, 2017, at approximately 0730 hours, Security Sgt. Kuehu called
me from building nine to inform me that inmate Dagirbaud, Quintin (A0265488) needs to
be given a UA. He was bought to the lab and given a UA. The results of the UA were
negative.


                              ACO III J. CORN / UA OFFICER


EXHIBIT  E-8

JUL 2 7 2017

July 2017

# STATE OF HAWAII
## DEPARTMENT OF PUBLIC SAFETY

### NOTICE OF DRUG DETECTION TEST

* TO: _Quintin D'Agirbaud_
(Inmate's Name)                    SSN/SID _A0265488_

You are hereby notified that you will be subjected to a drug detection test based on:

_S/C_

(Justification, including random testing)

*A FINDING OF "POSITIVE" OR "ABNORMAL" WILL SUBJECT YOU TO PRESCRIBED SANCTIONS IN ACCORDANCE WITH THE POLICIES AND PROCEDURES OF THE CORRECTIONS DIVISION.*

A refusal to comply with the testing procedures will be taken as an inference of guilt for introduction or use of any narcotic, drug, or intoxicant and will result in sanctions being imposed as though a "positive" finding were received in the test. Failure to provide a urine sample within two (2) hours is considered a refusal. You are required to provide a fresh, clean, unadulterated, undiluted urine sample of no less than 30 ml.

You may appeal any sanction imposed via the approved grievance procedure.

Date: _JUL 27 2017_

Location: _Lab._

Employee: _ACO ___ J. Corr_

Witness: _Vann L Ca___

Acknowledgement of Notice:

* Inmate Signature: _D___        Date: _JUL 27 2017_

### RESULTS OF URINALYSIS DRUG SCREEN TEST

The urine sample you provided on _JUL 27 2017_ was tested and a

Positive _____        Negative _X_        was received indicating the use of

_____, and/or the urine sample provided was

Abnormal _____, indicating a diluted sample   Normal _X_ indicating an undiluted sample.

Failure to provide a urine sample is considered a refusal.

Inmate Signature: _____        Date: _____

Tester's Signature: _____        Date: _____

*CONFIRMATORY TESTING FROM AN APPROVED LABORATORY IS PERMITTED. IN INSTANCES WHERE A POSITIVE OR ABNORMAL TEST RESULT IS CONFIRMED, THE INMATE SHALL PAY FOR THE COST OF EACH CONFIRMATORY TEST.*

PSD 8719 (Rev. 10/2016)                    Page 1 of 2

EXHIBIT E-9

**STATE OF HAWAII**
**DEPARTMENT OF PUBLIC SAFETY**
**URINALYSIS TEST RECORD/CHAIN OF CUSTODY**

✱ Donor's Name: Quinty D'Agirbad    SS#7SID#: A0265400    Facility: WCF

Requestor: _WAIAWA CORRECTIONAL FACILITY_    Date: JUL 25 2017

Action Leading to Request: _S/Cause_

Agent Suspected:    **Checklist**

| | |
|---|---|
| Marijuana | X |
| Cocaine | X |
| Opiates | X |
| Alcohol | X |
| Amphetamines | X |
| Creatinine | X |
| Other | X |

If Other Specify: _Spice_

Test Approved by: _LT. Nale_    Date: JUL 25 2017

✱ Specimen Container Sealed/Coded by: _____    Date: JUL 25 2017
✱ Acknowledgement specimen container sealed and coded in donor's presence:
✱ Donor's Signature: _____    Date: JUL 25 2017

Test Performed by: _ACO III J. Corn_    Date: JUL 25 2017

................................................................

Donor told the underlying reason why he/she is being ordered to submit to a urine sample
Circle one: **(Suspicion or Cause)** / Random / Treatment / Community-Based Correctional Program

Donor told by: _ACO III J. Corn_    Date: JUL 25 2017    Time: _0730 hrs._

✱ Has donor taken medication?  No _____    If Yes,
specify: _____

Manufacture's guidelines of impact? _____
Specimen obtained by: _ACO III   J. Corn_

**CHAIN OF CUSTODY** (Starting with staff obtaining urine specimen):
| From: | To: | Date: | Time: |
|---|---|---|---|
| Lab | Test | JUL 25 2017 | 0730 hrs. |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

PSD 8720 (Rev. 10/2016)    1

EXHIBIT E-10

EXHIBIT E-11

# STATE OF HAWAII
## DEPARTMENT OF PUBLIC SAFETY
# INCIDENT REPORT

Facility: _WCF_

Prepared on: _7-27-17_

TO: _____   THRU: _____

(Administrator/section supervisor)          (Watch Supervisor)

| DATE | TIME | NARRATIVE (Specify inmate name & ID and location if related to misconduct) |
|------|------|------------------------------------------------------------------------------|
| JULY 27, 2017 | 0845hrs | THIS MORNING WHEN I REACHED WORK AT THE C.I. FARM, I WAS CALLED BACK TO BUILDING 9A. I WAS PROMPTLY SENT TO "SEG" DUE TO A "BROWN LEAFY SUBSTANCE" TAPED UNDER THE SLIDING TRAY ON THE INSIDE OF MY BLUE FOOTLOCKER. I NEVER DID ANY TYPE OF DRUG IN MY LIFE, I DON'T EVEN LIKE THE SMELL OF CIGARETTES.<br><br>I/m DEAN KOKUBUN AND I/m VINCENT SCANLAN, SINCE THEY CAME TO THIS FACILITY HAS TOLD ANY INMATE WHO WOULD LISTEN THAT I'm A MAJOR "RAT" A FEW WEEKS AGO I WROTE A LETTER TO COS EVANS REGARDING THESE TWO INDIVIDUALS, HOWEVER, I NEVER SUBMITTED IT TO HIM, FEARING THE TYPE OF QUESTIONING IT COULD LEAD TO. I TOLD MY CASE MANAGER "CRISTY" ABOUT THESE INDIVIDUALS (LETTER ATTACHED) WHO WERE TRYING TO PROVOKE ME TO LEAVE "G-SECTION". SINCE I'm THE "RAT" THEY WANTED MY SECTION TO DO THEIR DRUGS.<br><br>I WAS AT EDUCATION LAST NIGHT WHEN THERE WAS SOME INCIDENT WHICH PROMPTED ACO's TO SEARCH ALL INMATES' PROPERTY. WHEN I RETURNED FROM EDUCATION I IMMEDIATELY WENT TO MY LOCKER, WHICH WAS LOCKED. WHEN I OPENED IT, IT DIDN'T EVEN LOOK AS IF STAFF SEARCHED MY LOCKER.<br><br>I BELIEVE THIS "SUBSTANCE" WAS PLANTED IN MY LOCKER BY I/m D. KOKUBUN & V. SCANLAN WHILE I WAS IN THE SHOWER OR IN THE MIDNIGHT HOURS BECAUSE MY LOCKER REMAINS UNLOCKED DUE TO MIDNIGHT LOCKER SEARCHES, AND I WAKE UP AROUND 5AM M-F TO GET READY FOR WORK. SINCE IT IS DARK I LEAVE MY LOCKER UNLOCKED TO GET MY HYGIENE ITEMS.<br><br>I HAVE REASON TO BELIEVE ACO DELACRUZ ENCOURAGES THE "SPICE" USE BECAUSE WHEN INMATES HAVE "SPICE EPISODES" HE DOES NOT REPORT IT IF IT DOESN'T GET OUT OF HAND. DUE TO THE HATE I/m D. KOKUBUN & V. SCANLAN HAVE TOWARD ME I WAS SET UP TO PROTECT THE "SPICE/TOBACCO" RING THAT IS PREVALENT ON THIS YARD. I/m MALIK OBRODOVIC (9A F?) SMOKES AND DEALS SPICE ON THE DAILY, HE ALSO TELLS EVERYONE THAT I'm A RAT. FROM HALAWA HIS SIDE-KICK, JACOB "MOGLEY", (LAST NAME UNKNOWN [9A-C?]) IS CONSTANTLY BRAGGING ABOUT THE SPICE & TOBACCO. I/m R PONTIN & I/m WELLS ARE ALSO CONSTANT USERS OF THE SPICE (BOTH IN F SEC 9A) |

By: _____  7/27/17   1104 HRS   CONT →
Reporting Officer/Employee          Title

Page 1 of ...

STATE OF HAWAII

EXHIBIT E-12

# DEPARTMENT OF PUBLIC SAFETY

## INCIDENT REPORT

Facility: _WCF_

Prepared on: _7-27-17_

TO: _____ THRU: _____
(Administrator/section supervisor)                    (Watch Supervisor)

| DATE | TIME | NARRATIVE (Specify inmate name & ID and location if related to misconduct) |
|------|------|------|
| CON'T PAGE 2 | OF 3 | |

THE SPICE IS BEING BROUGHT TO THE FARM FROM GP INMATES. THEY HIDE IT IN THE WHEEL BARROW SHED, ON THE SECOND SHELF OF BOXES NEAR THE BACK. I/m T. QUIERNICS (SIC) (98) BLD 6, I/m CULLEN (98), I/m JAMES MAG. (SIC) (6), AND AN INMATE I CAN IDENTIFY, BUT DON'T KNOW HIS NAME — THEY DISTRIBUTE THE DRUGS/TOBACCO ON THE DAILY ON THE BLIND SIDE OF TOOL SHED. THEY USED TO DO IT UNDER THE BANANA TREES UNTIL BOSS MILTON CHOPPED THEM DOWN.

I HAVE NEVER TOUCHED, INGESTED, NOR SOLD ANY DRUGS/TOBACCO IN MY ENTIRE PRISON STAY. I WAS DELIBERATELY SET UP BY INMATES WHO WANT ME OUT OF WCF. SINCE I DON'T DO DRUGS IT'S CONVENIENT HOW A BROWN SUBSTANCE WAS FOUND IN MY LOCKER LESS THAN 12 HRS AFTER BEING SHOOK DOWN BY ACO's.

I KEEP TO MYSELF. I REFUSE TO TALK, INTERACT OR ASSOCIATE W/ ANY INMATE. I BRAID 2 INMATES HAIR (MANK, & LOPEZ-TALAS) I GO TO WORK, GO TO SCHOOL, AND STAY IN MY ASSIGNED SECTION. C/m CHRISTY KNOWS MY ISSUES WITH GANG MEMBERS AND ME BEING PHYSICALLY ASSAULTED PRIOR TO COMING TO WCF. I EXPRESSED MY CONCERNS TO HER ON MULTIPLE OCCASIONS. SHE TOLD ME TO KEEP TO MYSELF AND I WILL BE FINE.

ALSO I/m ROBINSON (G-SECTION) TOLD ME THAT THE MAUI BOYS WILL "GET YOU" FOR PRESSING CHARGES ON A FELLOW MAUI I/m AWONG WHO ASSAULTED ME IN HCF ALTHOUGH I WAS SET UP BY THESE INMATES I DO NOT REQUEST PROTECTIVE CUSTODY. HOWEVER, I DO REQUEST THAT THE INDIVIDUALS SETTING ME UP, AS RETALIATION OR BECAUSE THEIR PARANOIA OF ME "RATTING" THEM OUT. I COMPLETE MY WORKSTILES CLASS TOMORROW 7/28/17, WHICH WOULD MAKE ME "COMMUNITY" STATUS AND ELIGIBLE FOR FURLOUGH. I DID NOTHING WRONG AND WILL COOPERATE FULLY TO SEE THE PROPER CULPRITS ARE CHARGED. THE WHOLE "KITE" AND STUFF FOUND YOU WOULD HAVE TO BE A TOTAL IDIOT TO TAPE DRUGS IN THE MOST OBVIOUS SPOT AFTER 3 "SPICE" INCIDENTS IN

By: _____ 7/27/17 _____ 1004 Hrs
Reporting Officer/Employee                         Title

CON'T ⟶

DOC 8214 (5/88)     ORIG — FACILITY ADMINISTRATOR     CANARY — CONTROL CENTER     PINK-ATTACH TO MISCONDUCT REPORT

EXHIBIT E-13

# STATE OF HAWAII
# DEPARTMENT OF PUBLIC SAFETY
# INCIDENT REPORT

Facility: _____

Prepared on: _____

TO: _____     THRU: _____
       (Administrator/section supervisor)              (Watch Supervisor)

| DATE | TIME | NARRATIVE<br>(Specify inmate name & ID and location if related to misconduct) |
|------|------|-------------------------------------------------------------------------------|
| CON'T.<br>Page 3 of 3 | | IN 3 CONSECUTIVE DAYS. I DEFINATELY AM NOT AN IDIOT. I DID NOTHING TO DESERVE THIS.<br>I FURTHER ASK THAT THE "TAPE" THAT WAS USED BE FINGERPRINTED, BECAUSE I BELIEVE THERE IS COLLUSION BETWEEN SOME STAFF AND THEIR INMATES. |

By: _____     10:04 HRS
       Reporting Officer/Employee              Time

EXHIBIT E-14

STATE OF HAWAII
**DEPARTMENT OF PUBLIC SAFETY**
**WAIAWA CORRECTIONAL FACILITY**

## INTERVIEW

**NAME:**  Inmate Dagirbaud, Quintin A0265488          **DATE:**  August 1 , 2017

**INVESTIGATOR:**     Sergeant D. Kuehu          **CASE NO:** WCF2 17-7-27

**INTERVIEW PLACE:**  HCF

**INCIDENT DATE/TIME & PLACE:**     July 27, 2017 / At about 0645 hours / Bldg. GA  G2

**SUBJECT:**  Alleged  Violation of The Administration Rules

**TIME STARTED:**   0930  hours          **TIME ENDED:**  0944  hours

### QUESTIONS:

1. Do you understand that this is an inmate investigation and you are required to be truthful and cooperative?

A.  Yes.

2. Do you understand that this investigation is confidential and that you are directed not to discuss any part of this investigation with anyone other than the investigator?

A.  Yes.

3. Do you understand that if you are not truthful during this questionnaire or if any alleged misconduct by you is discovered you will be charged with lying?

A.  Yes.

4. Would you be willing to take any form of a lie detector test upon request? If answer is "no" explain why?

A.  Yes.

5. What housing unit and section are you assigned to?

A.  GA  G2

EXHIBIT E-15

6. Were you assigned to footlocker 9A G2?

A. Yes.

7. Did you lock your foot locker on this day?

A. Yes, I lock it everyday before I go to work.

8. Did ACO find brown leafy substance in your assigned footlocker?

A. That is what I was told.

9. What work line are you on?

A. CJ farm - Waiawa 35.

10. Is there anything else you want to add?

A. I am willing to cooperate.

_____  8/1/17
Inmate Dagirbaud, Quintin A0265488     Date

GRIEVANCE 2nd step # 397072

Pending

EXHIBIT E-16

**STATE OF HAWAII**
**Department of Public Safety**

Facility ___HCF___

Prepared On:

Date: 08/17/2017   Time: 1200 Hrs.

# NOTICE OF REPORT OF MISCONDUCT AND HEARING

TO: _____DAGIRBAUD, Quintin_____   _____A0265488_____   _____Bldg. 9A_____
            NAME           SID NUMBER           HOUSING UNIT

- You are herein notified that a written report of misconduct was filed against you on ___July 27, 2017___
  A copy of the charge(s) are listed below.

- A hearing on the charge(s) has been scheduled and you are to be present at _____HCF_____
  _____0800hrs_____, on ___8/22___, 20_17_ .   (Location)
    (Time)         (Date)

As required by Department of Public Safety procedure, this hearing has been scheduled to determine the facts and administer just corrective action. You have the right to:  1)  Have any charge explained to you;  2)  Examine any written material concerning the charge;  3)  Request an administrative review through the grievance process.

Charge(s):

Chg.#1: 13.03 4.0.3 a. 7(9)   Possession or introduction, manufacturing or use of any narcotic paraphernalia, drugs, intoxicants, synthetic drug composition or alcoholic beverages not prescribed for the individual by the medical staff, which includes any form of being intoxicated.

Chg.#2: 13.03 4.0.3 a. 7(15)   Possession, introduction or use of any tobacco/nicotine, tobacco/nicotine product, or tobacco/nicotine paraphernalia. This does not apply to inmates in a community based furlough program.

SYNOPSIS: On Thursday July 27, 2017 it is alleged that Inmate Dagirbaud, Quintin A0265488 was in possession of contraband ( a brown, leafy substance) found in his assigned foot locker.

_____
                  Chairman

Receipt of notice of charges and rights:

I acknowledge receipt of the Notice of Report of Misconduct and hearing.  I understand I may have counsel substitute. The Adjustment Committee must be notified as to who your counsel substitute is within a reasonable time, not less than 12 hours prior to the hearing.
I do __✓__  I do not _____ waive my right to 24 hour prior notice.

Date: _8-22-17_   Signature: _____
                            (Resident)

Findings and Disposition of Corrective Action with evidence relied upon for decision:

_____   _____
            Committee Chairman           Date

Receipt of findings and disposition

_____   _____
            Inmate           Date

GF 377072
8/25/17

TGS
COPY
NO
RESPONSE

EXHIBIT E-17

## STATE OF HAWAII
### Department of Public Safety

Facility _____

Prepared On: _____

Date: _____ Time: _____

## NOTICE OF REPORT OF MISCONDUCT AND HEARING

TO: _____
NAME                                    SID NUMBER                        HOUSING UNIT

* You are herein notified that a written report of misconduct was filed against you on _____
  A copy of the charge(s) are listed below.

* A hearing on the charge(s) has been scheduled and you are to be present at _____
  _____ , on _____ , 20 ____.                                          (Location)
  (Time)              (Date)

As required by Department of Public Safety procedure, this hearing has been scheduled to determine the facts and administer just corrective action.  You have the right to:  1)  Have any charge explained to you;  2)  Examine any written material concerning the charge;  3)  Request an administrative review through the grievance process.

Charge(s):

_____
Chairman

.............................................................................................................................
Receipt of notice of charges and rights:

I acknowledge receipt of the Notice of Report of Misconduct and hearing.  I understand I may have counsel substitute. The Adjustment Committee must be notified as to who your counsel substitute is within a reasonable time, not less than 12 hours prior to the hearing.
I do _____  I do not _____  waive my right to 24 hour prior notice.

Date: _____  Signature: _____
                                                        (Resident)

_____
Findings and Disposition of Corrective Action with evidence relied upon for decision:

_____
Committee Chairman                                                      Date

.............................................................................................................................
Receipt of findings and disposition

DOC 8210A  (12/93)                    _____      _____
                                             Inmate                              Date

White - Inmate Active File        Canary - Committee Chairperson        Pink - Inmate's 1st Copy        Golden Rod - Inmate's 2nd Copy

EXHIBIT E-18

# HCF INMATE REQUEST FORM

To: c/m Megan                                                    Date: 9·10·18

From: Quintin D'Agirbaud        SID: A0265488   Module: 4   Block: B   Quad: 1

Request: When you have time can you schedule me to review my active file? I'm looking specifically for my current write-up for WCF (all reports, pretmos, statements etc.) Also in 2016 there are copies of money orders that my family sent to some inmates that was confiscated by CCA/mainland Branch. These money orders were never returned or cashed. Thank you. "

* Also correspondences.

### For Staff Response Only

Comments: ① I can bring up the misconduct for you to review.
② Per IDA Snard Kimoto and Business Office Manager Theo Leatumauga, you cannot review the money order copies.

Approved/Disapproved ____   Staff Signature: _____   Date: 9/11/17

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

I have seen the response
to my request.                Inmate Signature: _____   Date: _____

---

# HCF INMATE REQUEST FORM

To: c/m MEGAN                                                    Date: 10/10/17

From: Quintin D'Agirbaud.      SID: A026545   Module: 4   Block: B   Quad: 3

Request: I saw Ms. Douie today. I asked about my exception case. She said that an exception case to a "lower custody" needs to be recommended by the c/m & UTM. I have 9 points, 1 point shy from minimum/ community. I've completed my WCF requirements & my current misconduct is not in line w/ my criminal history. A reduction based off question #11 on my evaluation sheet will be appropriate because I have nothing further to complete, and HCF staff will not have me to make my time productive. Please call me down to clarify. Thank you.

### For Staff Response Only

Comments: While Douie may have stated an exception case is recommended by CM/UTM, I believe she responded to your letter that an exception case will not get you transferred. One will only approve it to be used within the facility for work lines. Also they will, it looks like you'll have to wait until removal for a reclass.

Approved/Disapproved ____   Staff Signature: _____   Date: _____

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

I have seen the response
to my request.                Inmate Signature: _____   Date: 10/10/17

EXHIBIT 59-19

# HALAWA CORRECTIONAL FACILITY

## RESPONSE TO INMATE

Control #: _____

Name of Inmate  **Dagirbaud, Quintin** _____

SID#  **A0265488** _____    HOUSING UNIT:  **4-B-3** _____

Date letter initiated:   **10/06/17** _____

Letter addressed to:   **Dovie Borges, RSA** _____

Date letter received:   **10/05/17** _____

**DISPOSITION:**

    In response to your letter to me dated October 2, 2017, your account of the situation obviously differs from WCF reports.  Part of the reason that you may have been labeled as a "rat" is the overt way you tell on about every other inmate's wrongdoing.  For that reason, other inmates do not want to be around you.  Had you not been so obvious, this might not have happened to you.  When you can just mind your own business and do your own time, everything will settle down for you.

    An exception case will not help you transfer.  You have to be legitimately minimum custody to transfer so an exception case is only used within the facility to lower custody for worklines or good behavior but not for transfer purposes.  Your scheduled reclass is 02/2018.

cc:  Victor/Megan/Desmond/Laurie

_____ RSA          _____
Dovie Borges          Title                      10/6/17
                                                    Date

White – Inmate's Response       Canary – Institutional File       Pink – Respondent Copy

**DOC 3151 (7/02)**

QUINTIN–JOHN D'AGIRBAUD III
HCF – #A0265488 – 4B3                    EXHIBIT  E-20
99–902 Moanalua Road
Aiea, HI 96701


November 1, 2017


Mr. Nolan Espinda
PSD Director
919 Ala Moana Blvd. 4th Fl.
Honolulu, HI 96814

Dear Mr. Espinda:

I am writing to you in an attempt to resolve three important grievances that I have which
have gone unanswered.  While I was at WCF, I expressed to Administrator  Teresa Miike,
COS Thomas Evans, and my case manager Cristy Y, my concerns about being assaulted and/or
setup by other inmates for retaliatory reasons.  I was told to continue what I was doing
and everything would be fine.  Well, the inmates did end up setting me up by placing
drugs/tobacco in my locker and then sending a note to staff telling them exactly where
to find it.

I've never smoked cigarettes nor have I ever done any type of illegal drug in my entire
life inside or outside of prison.  To make matters worse your frontline staff has refused
to answer my Step 2 or my Step 3 grievances.  When I expressed this to RSA Dovie Borges
she wrote me a demeaning letter basically stating it is my own fault I was setup by
inmates, thus sanctioning and acknowledging the criminal behavior of other inmates.

I have attached my write-up reports along with two demoralizing letters from RSA Borges.
Step 3 Grievance #397075 regarding my erroneous write-up was due on Oct. 25th; Step 3
Grievance #397727 regarding my custody points calculation was due on Oct. 25th; and
Step 3 Grievance #397726 regarding my store order not being returned to the store and
my account credited was due on Oct. 25th.  WCF refused to answer the Step 2 to all of
the above grievances which were due on Sept. 27th.

My understanding of the grievance process is to help inmates appeal write-ups and other
things that they believe they were treated unjustly.  However, when the PSD staff writes
intimidating letters and outright refuses to answer the grievances is a direct violation
of my civil rights.  My criminal history and my institutional file attests to the fact
that I am not a drug addict and definatly I am not a drug dealer.

What was done to me was unfair, unjust and clearly not my doing, especially when I fore-
warned the Administration of what inmates were planning to do to me as retaliation
for pressing charges on a gang member who physically assaulted me.  I am asking for fair-
ness and to have my grievances read and answered in accordance to PSD policy, and that a
proper investigation is launched into why WCF/HCF staff are so determined to see me go
backwards in the system, and why they refuse to answer grievances and why they answer
letters to intimidate inmates from protecting themselves and doing what is right.

I sincerely appreciate your time and careful investigation in these important matters.
I look forward to hearing from you soon.

Sincerely,

Quintin-John D'Agirbaud, III

Enclosures
cc: HCF Warden; WCF Warden; Ombudsman; Attorney; Institutional File

**DAVID Y. IGE**
GOVERNOR



STATE OF HAWAII
**DEPARTMENT OF PUBLIC SAFETY**
919 Ala Moana Boulevard, 4th Floor
Honolulu, Hawaii 96814

**NOLAN P. ESPINDA**
DIRECTOR

**Cathy Ross**
Deputy Director
Administration

**Jodie F. Maesaka-Hirata**
Deputy Director
Corrections

**Renee R. Sonobe Hong**
Deputy Director
Law Enforcement

No. _PSD #2017-3291_

November 20, 2017

Mr. Quintin D'Agirbaud, III (A0265488)
c/o Saguaro Correctional Center
1252 East Arica Road
Eloy, AZ  85131

Dear Mr. D'Agirbaud:

Your letter to Director Nolan Espinda dated November 1, 2017, has been forwarded to me for response.

Your three Step 3 PSD grievances have been responded to on 11/2/17 and returned to the PSD Grievance Officer for processing.  Upon signing the acknowledgment and in accordance with PSD Policy COR.12.03, the decision is final/ultimate recourse available in the administrative remedy process.

Sincerely,

Shari Kimoto
Acting Institutions Division Administrator

cc:     Nolan Espinda, Director
        Mainland Branch Records

EXHIBIT  E-21

"An Equal Opportunity Employer/Agency"