IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| QUINTIN-JOHN D'AGIRBAUD, III, #A0265488, | ) ) ) | Civ. No. 18-00021 JMS-RLP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF AND APPOINTMENT OF COUNSEL |
| vs. | ) ) | |
| SARAH ALANZO, et al., | ) ) | |
| Defendants. | ) ) ) | |

## ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF AND APPOINTMENT OF COUNSEL

Plaintiff seeks an order directing prison officials to immediately transfer him to the Waiawa Correctional Facility ("Waiawa") and for the appointment of counsel.[1] *See* Mots., ECF No. 9 (Motion to Appoint Counsel and Motion to Transfer). For the following reasons, Plaintiff's Motions are DENIED.

### I. MOTION TO TRANSFER

Plaintiff has recently returned from a facility in Arizona to the Halawa Correctional Facility ("HCF"). He suggests that his minimum custody status qualifies him to be housed at Waiawa and anticipates that Defendants Alanzo and

---

[1] Plaintiff also gave notice that he will stand on his claims in Counts I and II against Defendants Sarah Alanzo and Dovie Borges and his unenumerated retaliation claim against Alanzo. Election, ECF No. 9.

Borges will delay his transfer to Waiawa in retaliation for his filing this suit against them. He therefore seeks injunctive relief in the form of an immediate transfer to Waiawa to prevent any anticipated retaliation.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). A preliminary injunction may issue when the plaintiff demonstrates the existence of serious questions going to the merits, and the balance of hardship tips sharply toward the plaintiff, assuming the other two elements of the *Winter* test are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Preliminary injunctive relief should always be denied if the probability of success on the merits is low. *See Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) (stating, "even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits") (citation omitted).

There are two types of preliminary injunctions: (1) a "mandatory injunction," which "orders a responsible party to take action," and (2) a "prohibitory injunction," which "prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009) (internal quotation and alteration marks and citations omitted). A mandatory injunction is "not granted unless extreme or very serious damage will result and [is] not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Id.* (quoting *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1980); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011)). That is, the court "should deny such relief 'unless the facts and law *clearly favor* the moving party.'" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)) (emphasis added).

Generally, the "purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits,'" *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009) (quoting *L.A. Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1200 (9th Cir. 1980)), and may be awarded upon a *clear showing* that the plaintiff is entitled to relief, *Winter*, 555

U.S. at 22 (citation omitted) (emphasis added). In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2) .

First, Plaintiff has no constitutional right to be transferred to the prison of his choice. *See Montayne v. Haymes*, 427 U.S. 236, 242-43 (1978) (holding inmate has no constitutional right to be housed in a particular prison); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (holding that due process protections are not required for discretionary transfers to a less agreeable prison); *see also Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."). Plaintiff's success on the merits is therefore highly unlikely, and granting such relief would actually alter the status quo.

Second, "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm . . . ; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean*

4

*Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (citations and emphasis omitted). Plaintiff shows no immediate threatened injury and fails to explain what extreme, irreparable injury he will endure by remaining at HCF, where he was housed without incident from July 28, 2017, until the date that he transferred to Arizona. *See* Compl., ECF No. 1, PageID #14. Plaintiff's speculation that Defendants Alanzo and Borges *may* retaliate against him when they learn that he has commenced suit against them is insufficient to justify injunctive relief.

Third, there is no connection between Plaintiff's request for injunctive relief and his allegations in the Complaint that Alanzo and Borges failed to protect him from assault and that Alanzo did so in retaliation for Plaintiff reporting her harassing conduct to prison officials. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint"); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his . . . lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis

5

for a preliminary injunction in this lawsuit."). Plaintiff may file a second suit regarding his allegations of retaliation if they are plausible, or he may move to amend the present action if he can show the necessary connection between the claims; he may not seek injunctive relief on unsupported speculation.

Plaintiff provides no legal or factual support showing that Alanzo and Borges may retaliate against him when they learn of this suit. He fails to show imminent harm, a likelihood of success on the merits based on a possibly delayed transfer to which he is not entitled, a balance of equities in his favor, or a public interest in his request for injunctive relief. *See* Fed. R. Civ. P. 65; *Winter*, 555 U.S. at 24. Moreover, ordering such a transfer is far beyond the scope of the court's authority to fashion injunctive relief in this prisoner action. *See* 18 U.S.C. § 3626(a)(2) . Plaintiff's Motion for a Transfer to the Waiawa Correctional Facility is DENIED.

## II. APPOINTMENT OF COUNSEL

Plaintiff seeks appointment of counsel to assist him in submitting "future motions, etc." Election, ECF No. 9. There is no constitutional right to counsel in a civil case such as this. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis.

28 U.S.C. § 1915(e)(1).  Plaintiff is able to present his claims adequately, and there are no obvious exceptional circumstances that warrant appointment of counsel at this time.  Plaintiff's Motion for Appointment of Counsel is DENIED.  Should the circumstances of the case materially change, the court may reconsider plaintiff's request sua sponte.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, March 19, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*D'Agirbaud v. Alanzo, et al.*, 1:18 cv 00021 JMS RLP; tros '18 D'Agirbaud 18 21 jms  (dny inj.for trsf & req. apptcoun)