RUSSELL A. SUZUKI          2084
Attorney General of Hawaii

CARON M. INAGAKI           3835
JOHN M. CREGOR, JR.        3521
Deputy Attorney General
Department of the Attorney
 General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile:  (808) 586-1369
Email: Caron.M.Inagaki@hawaii.gov
       John.M.Cregor@hawaii.gov

Attorneys for Defendants
SARAH ALANZO-CABARDO and
DOVIE BORGES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| QUINTIN-JOHN D'AGIRBAUD, III,<br><br>Plaintiff,<br><br>vs.<br><br>SARAH ALANZO, DOVIE BORGES, NOLAN ESPINDA, SCOTT HARRINGTON, SHARI KIMITI, TERESA MIIKE, THOMAS EVANS, B. ORNELLAS, STATE OF HAWAII,<br><br>Defendants. | CIVIL NO. CV18-00021 JMS-RLP<br><br>DEFENDANTS SARAH ALANZO-CABARDO AND DOVIE BORGES' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT, FILED JUNE 28, 2018 [ECF NO. 1]; CERTIFICATE OF SERVICE<br><br>NO TRIAL DATE. |

736204_1.DOC

## DEFENDANTS SARAH ALANZO-CABARDO AND DOVIE BORGES' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT, FILED JUNE 28, 2018 [ECF NO. 1]

Comes now, Defendants SARAH ALANZO-CABARDO and DOVIE BORGES ("Defendants"), by and through their counsel, Russell A. Suzuki, Attorney General of the State of Hawaii, Caron M. Inagaki and John M. Cregor, Jr., Deputy Attorneys General, responds to the Court Order of June 29, 2018 [ECF No. 30] requesting a briefing of the Plaintiff's Motion to File an Amended Complaint [ECF No. 29], Defendants Sarah Alanzo-Cabardo and Dovie Borges state as follows:

BACKGROUND

On January 12, 2018, Plaintiff, D'Agirbaud filed a 14-page Prisoner *pro se* civil rights complaint against several employees of the Department of Public Safety. The filing included a 3-page Exhibits Index and 83 pages of exhibits. The Complaint was screened in due course by Judge J. Michael Seabright (Judge Seabright), in accordance with the requirements of 28 USC § 1915A(a), who entered his screening order dismissing the complaint in part on February 27, 2018 [ECF No. 7]. Some of Plaintiff's claims for relief were dismissed with prejudice as incapable of stating a claim and others were dismissed without prejudice. Claims as to Defendants Alanzo and Borges survived and service was ordered. As to the claims dismissed without prejudice, Plaintiff was granted until March 28,

2018 to file an amended complaint or to notify the court of his election to stand on his complaint as limited by the screening order. On March 12, 2018, Plaintiff filed his election to stand on his complaint as limited by the Court. More than three months after filing his election to stand on his original complaint, Plaintiff now files his motion for leave to amend that complaint [ECF No. 29]. His request to amend not only violates Judge Seabright's screening order but also his prior election to stand on his original complaint stands as a waiver of his right to even request leave to amend.

Moreover, Plaintiff's proposed amended complaint purports to add seven new defendants all related to the same occurrence: the discovery of a "brown leafy substance" in Plaintiff's locker at Waiawa Correctional Facility. [ECF No. 7, PageID#:133-4.] In his screening order, pages 11-12, Judge Seabright dealt with that issue, finding no expectation of privacy and dismissed the count with prejudice. [ECF No. 7, PageID#:138-9.] As to the sequelae of the search and seizure, including direct punishment and change in classification, Judge Seabright dismissed without prejudice, but that dismissal was subject to the same deadline imposed on the grant of leave to amend.

It is interesting to note that Plaintiff appears to attempt to get around the foregoing ruling by pleading in each of the proposed paragraphs that it was his Eighth Amendment Rights which were violated rather than Fourth and Fourteenth

as discussed by Judge Seabright. Not only does the Eighth Amendment not apply on its face, Judge Seabright also pointed out at page 18 of his order:

> Prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; deliberate indifference occurs when an official acts or fails to act despite his subjective knowledge of a substantial risk of serious harm [citing] *Farmer v. Brennan,* 511 US at 834, *Clem v. Lomeli,* 566 F.3d at 1181, and *Hearns v. Terhune,* 413 F.3d at 1040.

[ECF No. 7, PageID#:145]

Plaintiff has affirmatively waived any right he might have to amend his complaint and, moreover, his proposed amendment would be futile as the facts as alleged have already been found not to state claims upon which relief can be granted. [ECF No. 7, PageID#:150]

DATED: Honolulu, Hawaii, July 16, 2018.

STATE OF HAWAII

RUSSELL A. SUZUKI
Attorney General of Hawaii

/s/ John M. Cregor
JOHN M. CREGOR, JR.
Deputy Attorney General

Attorney for Defendants
SARAH ALANZO-CABARDO and
DOVIE BORGES