IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| QUINTIN-JOHN D'AGIRBAUD, III, | ) ) ) | CIVIL NO. 18-00021 JMS-RLP |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |
| vs. | ) ) | |
| SARAH ALANZO, ET AL., | ) ) | |
| Defendants. | ) ) | |

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff, proceeding pro se, filed a Motion for Leave to File an Amended Complaint on June 28, 2018. See ECF No. 29. Defendants Sarah Alanzo-Cabardo and Dovie Borges filed their Opposition on July 16, 2018. ECF No. 31. Plaintiff filed his Reply on July 23, 2018. See ECF No. 32. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. ECF No. 30. For the reasons set forth below, the Court DENIES Plaintiff leave to file an amended complaint.

BACKGROUND

Plaintiff filed his Prisoner Civil Rights Complaint on January 12, 2018, alleging that Defendants violated his constitutional rights when they allegedly failed to protect him from assault by other inmates, retaliated against him for filing grievances, illegally searched his locker, and denied him due

process.  Id.  Plaintiff asserted five claims:  Counts I and II, alleging the failure to protect him from assault under the Eighth Amendment; Counts III, V, and VI, alleging denial of due process under the Fourteenth Amendment; and Count IV, alleging an unreasonable search and seizure under the Fourth Amendment.  ECF No. 1.  Plaintiff named as Defendants Sarah Alanzo, Dovie Borges, Scott Harrington, Nolan Espinda, Shari Kimoto, Teresa Miike, Thomas Evans, and Sean Ornellas, all in their individual and official capacities.  Id.

In its screening order, the Court allowed Plaintiff's claims in Count I and II under the Eighth Amendment against Defendants Sarah Alanzo and Dovie Borges in their individual capacities to proceed, along with an unenumerated retaliation claim against Defendant Alanzo.  ECF No. 7.  The Court dismissed with prejudice all claims alleged against all Defendants in their official capacities and Plaintiff's claims under the Fourth Amendment and Fourteenth Amendment in Count VI.  Id.  The Court dismissed Plaintiff's remaining claims without prejudice and gave Plaintiff until March 28, 2018, to file an amended complaint or to inform the Court that he elects to proceed with his claims against Defendants Sarah Alanzo and Dovie Borges as limited in the order.  Id.  Plaintiff filed a statement on March 12, 2018, stating that he elects to stand on his claims against Defendants Sarah Alanzo and Dovie Borges as limited in the order.  ECF No.

9.  Plaintiff's Complaint was served on Defendants Sarah Alanzo and Dovie Borges, who filed an answer on June 20, 2018.  ECF Nos. 16, 17, 28.  The present Motion followed.

Plaintiff seeks leave to file an amended complaint to name as additional defendants: David Kuehu, Faafeta Tuvale, Shari Kimoto, A. Monteilh, N. Cox, Thomas Evans, and E. Ornellas.  ECF No. 29-1.  Plaintiff asserts claims against all of these individuals in both their individual and official capacities. Id.  In his proposed amended complaint, Plaintiff restates his claims under Counts I and II.  See ECF No. 29-1 at 8-9.

Regarding Count III, Plaintiff's proposed amendments change the title of this Count to assert that it is a violation of his Eighth Amendment rights, instead of his Fourteenth Amendment rights as he asserted in his initial Complaint.  ECF No. 29-1 at 10.  Plaintiff restates the same facts that were included in his initial Complaint for Count III and alleges additional facts that Cox erroneously found Plaintiff guilty of a drug violation without any pictures or video of the search or the substance and did not allow Plaintiff to review any written reports, that Monteilh and Kuehu used Plaintiff to report drug activity knowing that Plaintiff was set up by other inmates or staff, that Plaintiff has not received any evidence proving that the substance was drugs or was even found in Plaintiff's locker, that Kimoto lied on Plaintiff's grievance stating that the

substance was tested, but did not produce lab reports, that Ornellas and Evans did not follow Department of Public Safety policy regarding the investigation.

Regarding Count IV, Plaintiff's proposed amendments change the title of this Count to assert that it is a violation of his Eighth Amendment rights, instead of his Fourth Amendment rights as he asserted in his initial Complaint. ECF No. 29-1 at 12. In his original Complaint, Plaintiff asserted that this claim involved "Cell & Locker Searches"; in his proposed amended complaint, Plaintiff states that Count IV involves "staff set-up inmates." ECF No. 1 at 11; ECF No. 29-1 at 12. Plaintiff restates the same facts that were included in his initial Complaint for Count IV and also alleges additional facts that Kuehu and Tuvate searched his locker without a video camera and did not have pictures of what was found, that Plaintiff believes that staff set him up in order to get information about drug use at the facility, that Ornellas and Evans did not follow policy, and that Kimoto did not properly investigate her staff and lied. Id. at 13.

## DISCUSSION

As an initial matter, the Court rejects Defendants' argument that Plaintiff waived his ability to seek leave to amend because he previously elected to proceed on his claims against Defendants Sarah Alanzo and Dovie Borges as limited in the

Court's prior screening order. See ECF No. 31. Nothing in the Court's prior screening order stated that Plaintiff would be prohibited from seeking leave to amend if he chose to proceed with his claims against Defendants Sarah Alanzo and Dovie Borges at that time. See ECF No. 7. Although the Court set a deadline for Plaintiff to file an amended complaint addressing the deficiencies identified in the screening order, the Court did not state that Federal Rule of Civil Procedure 15, which allows for parties to seek leave of court to amend, does not apply to this action. Id. Accordingly, the Court addresses the merits of Plaintiff's proposed amendments under the applicable standard of Rule 15.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a). "[T]he rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (internal quotations omitted) (discussing pro se prisoner suits under 28 U.S.C. § 1915(e)(2)). Courts must construe a pro se plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003). Leave to amend should be granted unless there is evidence of bad faith, undue delay, prejudice to the opposing party, futility of amendment, or

repeated failures to cure deficiencies with previous amendments. Foman v. Davis, 371 U.S. 178 (1962); accord Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013). As discussed below, the Court finds that Plaintiff should not be given leave to amend because the proposed amendments are futile. An amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

### a. Plaintiff's Proposed Claims Against Defendants in their Official Capacities are Futile.

As noted above, Plaintiff's proposed amendments include an assertion that all claims are brought against the named Defendants in their individual and official capacities. See ECF No. 29-1. As the Court explained in its prior screening order, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). As with his initial Complaint, nothing in Plaintiff's proposed amended complaint provides a basis for prospective injunctive relief. See ECF No. 29-1; ECF No. 7 at 9-10. Accordingly, all of Plaintiff's proposed amendments to add claims against the named Defendants in their official capacities are futile.

**b. Plaintiff's Proposed Amended Count III and Count IV are Futile.**

As noted above, Plaintiff's proposed amendments change the title of these claims to assert violations of his Eighth Amendment rights instead of his Fourth and Fourteenth Amendment rights, as he asserted in his initial Complaint. See ECF No. 29-1 at 10, 12. Plaintiff also asserts additional facts in support of these Counts. Id. at 10-13.

First, to the extent Plaintiff is attempting to assert violations of his Eighth Amendment rights, those claims are futile. In order to assert a claim under the Eighth Amendment, Plaintiff must plausibly allege that a defendant demonstrated deliberate indifference to conditions posing a substantial risk of serious harm to Plaintiff. Farmer v. Brennan, 511 U.S. 825, 834, 841 (1994). Deliberate indifference occurs when a defendant acts or fails to act despite his subjective knowledge of a substantial risk of serious harm. Id. The factual allegations in the proposed amended Count III and Count IV relate to the search of Plaintiff's locker, the drug contraband that was allegedly found in Plaintiff's locker, and the investigation conducted by Defendants. See ECF No. 29-1 at 10-13. The additional facts alleged by Plaintiff also relate to these acts. Id. at 11, 13. Plaintiff's proposed factual allegations do not plausibly allege that any defendant demonstrated deliberate

indifference to conditions posing a substantial risk of serious harm to Plaintiff.  Because Plaintiff's proposed allegations in Count III and Count VI do not show that Plaintiff was subjected to cruel and unusual punishment, Plaintiff's request for leave to amend these claims to assert a violation of his Eighth Amendment rights is DENIED.

Second, setting aside Plaintiff's proposed amended titles of these claims, to the extent Plaintiff is attempting to assert violations of his Fourth or Fourteenth Amendment rights in Count III and Count IV of his proposed amended complaint, those claims are also futile.

For Count III, Plaintiff includes in his proposed amended complaint additional allegations related to the investigation conducted by Defendants following the search of his locker and his transfer.  See ECF No. 29-1 at 10-11.  In the screening order, the Court found that Plaintiff did not state a Fourteenth Amendment due process claim because Plaintiff did not establish that he had a liberty interest at stake.  See ECF No. 7 at 13-14.  The additional facts alleged by Plaintiff in his proposed amended complaint do not change this conclusion.  Accordingly, Plaintiff's request for leave to amend to assert a violation of his Fourteenth Amendment due process rights is DENIED.

For Count IV, Plaintiff includes in his proposed

amended complaint additional allegations related to the search of his locker and the contraband that was allegedly found in Plaintiff's locker. See ECF No. 29-1 at 10-13. In the screening order, the Court found that Plaintiff did not, and could not, state a Fourth Amendment claim based on the search of his locker because Plaintiff did not have a reasonable expectation of privacy. See ECF No. 7 at 11-12. The additional facts alleged by Plaintiff in his proposed amended complaint do not change this conclusion. Accordingly, Plaintiff's request for leave to amend to assert a violation of his Fourth Amendment rights based on the search of his locker and the contraband that was allegedly found in Plaintiff's locker is DENIED.

## CONCLUSION

Because Plaintiff's proposed amendments are futile, the Court DENIES Plaintiff's Motion for Leave to File an Amended Complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JULY 30, 2018.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**D'AGIRBAUD V. ALANZO, ET. AL.; CIVIL NO. 18-00021 JMS-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**