ORIGINAL

CC: JMS/RLP/π/PSA

QUINTIN-JOHN D'AGIRBAUD, III
Pro Se  #A0265488
2199 Kamehameha Highway
Honolulu, HI 96819
Ph:    808-832-1861
Email: qdagirbaud831@gmail.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 1 2019

at 12 o'clock and 52 min. P M
SUE BEITIA, CLERK
LJ

IN THE UNITED STATES OF DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| QUINTIN-JOHN D'AGIRBAUD III,<br>Plaintiff,<br><br>vs.<br><br>SARAH ALANZO, et al.,<br>Defendants. | Civil. NO. 18-00021 JMS-RLP<br><br>PLAINTIFF'S MOTION FOR THE<br>RECONSIDERATION OF<br>APPOINTMENT OF COUNSEL<br>FILED MARCH 19, 2018 |

PLAINTIFF'S MOTION FOR RECONSIDERATION OF APPOINTMENT OF COUNSEL
FILED MARCH 19, 2018

PLAINTIFF, **Quintin-John D'Agirbaud III** pro se, comes before **Honorable U.S. Magistrate Judge Richard L. Puglisi**, requesting for Reconsideration of Appointment of Counsel filed, Marcy 19, 2018.

In this case plaintiff has a civil case against the State of Hawaii – Department of Public Safety for First Amendment and Eighth Amendment Civil Rights Violations.

1. At the time of this non-hearing motion, Plaintiff was residing at the Saguaro Correctional Facility in Arizona.
2. On December 6, 2018 Plaintiff was transferred to the Oahu Community Correctional Facility to participate in the Work Furlough Program.
3. Plaintiff is currently working at V.I.P. Trans. As a shuttle driver and does not have the time or resources to dedicate to his case because of his lack to a prison law library and his limited access to the State Library to work on his case.
4. Plaintiff has made numerous attempts to resolve the issue with the State, however, has not received a response from the State Attorney General.

Received By Mail
Date 3/1/19
LJ

Mailed On
Date 3/1/19
LJ

5. The State has full advantage of Plaintiff's limited knowledge of the law and the State refuses to supply Plaintiff with requested documentation that is crucial for the success of his case.

6. The State, due to their advantage, is not taking Plaintiff's case seriously and hopes that Plaintiff will make a court error that will get his case dismissed.

7. This Honorable Court in their denial of my Appointment of Counsel stated: "Plaintiff seeks appointment of counsel to assist him in submitting 'future motions, etc.' Election ECF No.9. There is no constitutional right to counsel in a civil case as this. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 28 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to 'request' that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). Plaintiff is able to present his claims adequately, and there is no obvious exceptional circumstances that warrant appointment of counsel at this time. Plaintiff's Motion for Appointment of Counsel is DENIED. Should the circumstances of the case materially change, the court may reconsider plaintiff's request sua sponte."

8. Although the legal issues in this case are not particularly complex, Plaintiff will be better served with the assistance of counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.1997)

9. Plaintiff brings claims stemming from cruel and unusual treatment or punishment, arbitrary detention, forced relocation and first amendment violations. Although there tend to be a lot of dangerous people in prison; officials do not have to isolate every inmate who has the capacity for violence. However, officials may not ignore an inmate's history of violence behind bars. They may not place a known "predator" in a position where he can continue to prey on other inmates. *Frett v. Gov't of Virgin Islands*, 839 F2.d 968, 978-79 (3rd Cir. 1988)

10. Every prison should have a classification system that separates dangerous inmates from the rest and allows for the special confinement of obvious "predators" *Walsh v. Mellas*, 837 F.2d 789,798 (7th Cir. 1988) [affirming judgment for prisoner injured by gang member placed in cell; "We firmly believe that the failure of prison authorities to even review an inmates file to determine his/her proclivity for violence and/or whether they are a gang-target in the face of gang related threats and violence manifest utter disregard for the value of human life."]

11. *Vosburg v. Solem*, 845 F.2d 736, 766 (8th Cir. 1988) ["The prison authorities did not screen violent offenders from the less violent and non-violent when making cell assignments. Inmates were not segregated based upon the nature of the crime for which they were convicted, and no policy existed to segregate inmates who were likely targets of assault."]

12. Labeling an inmate as a snitch ("rat") is an example of serious harm. [*Benefield v. McDowall*, 241 F.3d1267, 1271 (10th Cir. 2001) ("Labeling an inmate a snitch satisfies the *Farmer* standard and constitutes deliberate indifference to the safety of that inmate."]

13. Plaintiff asks this Honorable Court to reconsider his previous Motion for Appointment of Counsel sua sponte.

I declare under penalty of perjury that the above statements are true to the best of my knowledge.

Dated:   Honolulu, Hawai'i,  February 27, 2019

_____
Quintin-John D'Agirbaud, III
Pro se – Defendant


**COPIES TO:**

UNITED STATES MAGISTRATE RICHARD L. PUGLISI
UNITED STATES DISTRICT COURT

CARON M. INAGAKI, ESQ.
JOHN M. CREGOR, ESQ.
Deputy Attorneys General
Department of the Attorney General
425 Queen Street
Honolulu, HI 96813

Attorney for Defendant
STATE OF HAWAII,
DEPARTMENT OF PUBLIC SAFETY