ORIGINAL          cc: JMS/RLP/PSA/TT

QUINTIN-JOHN D'AGIRBAUD, III
Pro Se  #A0265488
2199 Kamehameha Highway
Honolulu, HI 96819
Ph:    808-832-1861
Email: qdagirbaud831@gmail.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 18 2019

at  5  o'clock and 00 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES OF DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| QUINTIN-JOHN D'AGIRBAUD III,<br>Plaintiff,<br><br>vs.<br><br>SARAH ALANZO, et al.,<br>Defendants. | Civil. NO. 18-00021 JMS-RLP<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS MEMORANDUM IN OPPOSITION TO MOTION TO AMEND TRIAL AND CONFERENCE SCHEDULING<br>FILED MARCH 4, 2019<br><br>Trial: July 30, 2019<br>Judge: Honorable Judge Michael Seabright |

PLAINTIFF'S RESPONSE TO DEFENDANTS MEMORANDUM IN OPPOSITION TO MOTION TO AMEND TRIAL AND CONFERENCE SCHEDULING

FILED MARCH 4, 2019

PLAINTIFF, **Quintin-John D'Agirbaud III** pro se, comes before **Honorable U.S. Magistrate Judge Richard L. Puglisi**, hereby submits his response to Defendants Memorandum in Opposition to Motion to Amend Trial and Conference Scheduling.

In this case plaintiff has a civil case against the Defendants and the State of Hawaii – Department of Public Safety for First Amendment and Eighth Amendment Civil Rights Violations.

1. Plaintiff filed his Prisoner Civil Rights Complaint with a JURY DEMAND on January 12, 2018 (ECF No. 1).

2. Plaintiff is not versed in the law and his understanding by asking for a JURY trial at the inception of complaint, was that he would receive a jury trial.

3. Plaintiff would like a jury trial, not only to insure an unbiased outcome, but to be sure that the public is aware of the actions of PSD employees and what are tax-dollars are paying for.

Received By Me
Date  3/18/19

Mailed On
Date  3/19/19

4. Plaintiff feels that the Defendants, as State employees should be held accountable for their actions.
5. The State has full advantage of Plaintiff's limited knowledge of the law and the State refuses to supply Plaintiff with requested documentation that is crucial for the success of his case.
6. The State, due to their advantage, is not taking Plaintiff's case seriously and hopes that Plaintiff will make a court error that will get his case dismissed.
7. The State wishes to brush the erroneous actions of PSD employees under the rug and carry on 'business as usual'.
8. Plaintiff is currently in the work furlough program and can and would like to be present on all hearing motions concerning this case.
9. Plaintiff has asked this Honorable Court to appoint him Counsel due to the gravity and misinterpreted legal jargon in this matter.
10. Plaintiff brings claims stemming from cruel and unusual treatment or punishment, arbitrary detention, forced relocation and first amendment violations. Although there tend to be a lot of dangerous people in prison; officials do not have to isolate every inmate who has the capacity for violence. However, officials may not ignore an inmate's history of violence behind bars. They may not place a known "predator" in a position where he can continue to prey on other inmates. *Frett v. Gov't of Virgin Islands*, 839 F2.d 968, 978-79 (3rd Cir. 1988)
11. Every prison should have a classification system that separates dangerous inmates from the rest and allows for the special confinement of obvious "predators" *Walsh v. Mellas*, 837 F.2d 789,798 (7th Cir. 1988) [affirming judgment for prisoner injured by gang member placed in cell; "We firmly believe that the failure of prison authorities to even review an inmates file to determine his/her proclivity for violence and/or whether they are a gang-target in the face of gang related threats and violence manifest utter disregard for the value of human life."]
12. *Vosburg v. Solem*, 845 F.2d 736, 766 (8th Cir. 1988) ["The prison authorities did not screen violent offenders from the less violent and non-violent when making cell assignments. Inmates were not segregated based upon the nature of the crime for which they were convicted, and no policy existed to segregate inmates who were likely targets of assault."]
13. Labeling an inmate as a snitch ("rat") is an example of serious harm. [*Benefield v. McDowall*, 241 F.3d1267, 1271 (10th Cir. 2001) ("Labeling an inmate a snitch satisfies the *Farmer* standard and constitutes deliberate indifference to the safety of that inmate."]
14. Plaintiff asks this Honorable Court that due to the aforementioned that it grant his Motion to Amend Trial and Conference Scheduling to have his case presented to a jury and reschedule the current trial date from July 30, 2019 to a later date.

I declare under penalty of perjury that the above statements are true to the best of my knowledge.

Dated: Honolulu, Hawai'i, March 13, 2019

                                                                      _____
                                                                      Quintin-John D'Agirbaud, III
                                                                      Pro se – Defendant

**COPIES TO:**

UNITED STATES MAGISTRATE RICHARD L. PUGLISI
UNITED STATES DISTRICT COURT

CARON M. INAGAKI, ESQ.
JOHN M. CREGOR, ESQ.
Deputy Attorneys General
Department of the Attorney General
425 Queen Street
Honolulu, HI 96813

Attorney for Defendant
STATE OF HAWAII,
DEPARTMENT OF PUBLIC SAFETY