IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| QUINTIN-JOHN D'AGIRBAUD, III, | ) CIVIL NO. 18-00021 JMS-RLP |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S MOTION |
| | ) FOR A JURY TRIAL |
| vs. | ) |
| | ) |
| SARAH ALANZO, ET AL., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ORDER GRANTING PLAINTIFF'S MOTION FOR A JURY TRIAL

On February 15, 2019, Plaintiff filed a Motion to
Am[]end Trial and Conference Scheduling, see ECF No. 44, which
the Court construed as a motion for a jury trial under Federal
Rule of Civil Procedure 39(b), see ECF No. 45.  Defendants filed
their Response on March 4, 2019.  ECF No. 47.  Plaintiff filed
his Reply on March 18, 2019.  ECF No. 48.  The Court found this
matter suitable for disposition without a hearing pursuant to
Rule 7.2(d) of the Local Rules of Practice for the United States
District Court for the District of Hawaii.  ECF No. 45.  After
careful consideration of the submissions of the parties and the
relevant legal authority, the Court GRANTS Plaintiff's Motion.

BACKGROUND

Plaintiff filed his Prisoner Civil Rights Complaint on
January 12, 2018, alleging that Defendants violated his
constitutional rights when they allegedly failed to protect him
from assault by other inmates and retaliated against him for
filing grievances.  ECF No. 1.  Based on the district court's

screening order and Plaintiff's election, the claims that remain in this action are Plaintiff's claims in Count I and II under the Eighth Amendment against Defendants Sarah Alanzo and Dovie Borges in their individual capacities and a retaliation claim against Defendant Alanzo.  <u>See</u> ECF Nos. 7, 9.  Plaintiff's Complaint was served on Defendants Sarah Alanzo and Dovie Borges, who filed an answer on June 20, 2018.  ECF Nos. 16, 17, 28.

<u>DISCUSSION</u>

Rule 38 of the Federal Rules of Civil Procedure provides in pertinent part:

> On any issue triable of right by a jury, a party may demand a jury trial by:
>
> (1) serving the other parties with a written demand — which may be included in a pleading — no later than 14 days after the last pleading directed to the issue is served; and
>
> (2) filing the demand in accordance with Rule 5(d).
>
> * * *
>
> A party waives a jury trial unless its demand is properly served and filed.

Fed. R. Civ. P. 38(b), (d).  "[T]he purpose of a jury demand is to inform the court and opposing counsel that certain issues will be tried to a jury."  <u>Lutz v. Glendale Union High Sch.</u>, 403 F.3d 1061, 1065 (9th Cir. 2005).  "A party's failure to serve and file the demand in the manner specified in Rule 38(b) constitutes a waiver of the right to a trial by jury."  <u>Solis v. Cty. of LA</u>, 514 F.3d 946, 953–54 (9th Cir. 2008).  Rule 39 allows the court,

2

on motion, to order a jury trial on any issues for which a jury might have been demanded.  Fed. R. Civ. P. 39.

Here, based on the Court's review of the record, Plaintiff made a timely and unequivocal jury demand.  See Fed. R. Civ. P. 38; Solis, 514 F.3d at 954 (holding that the trial court's finding that the plaintiff did not file a jury demand was clearly erroneous where the words "DEMAND FOR JURY TRIAL" were included in the caption of the plaintiff's complaint and the last page of his complaint contained an request for a trial by jury). The first page of Plaintiff's Complaint states "Jury Trial Demanded."  ECF No. 1 at 1.  Further, the section regarding Request for Relief in Plaintiff's Complaint states that he requests damages "to be decided upon by a jury."  Id. at 16. Defendants' Scheduling Conference Statement also indicates that Plaintiff made a demand for a jury trial.  See ECF No. 33 at 2. There is no indication in the Minutes from the Rule 16 Scheduling Conference that Plaintiff withdrew his jury demand.  See ECF No. 34.  Based on the Court's review of the docket, it appears that Plaintiff's jury demand was inadvertently overlooked and the initial trial setting as a non-jury trial was in error. Accordingly, the Court will issue an amended scheduling order setting a jury trial and related pretrial deadlines.

## CONCLUSION

Because Plaintiff made a timely jury demand, the Court GRANTS his Motion and will issue an amended scheduling order

setting this case for jury trial.

              IT IS SO ORDERED.

              DATED AT HONOLULU, HAWAII, MARCH 21, 2019.



                                        Richard L. Puglisi
                                        United States Magistrate Judge

**D'AGIRBAUD V. ALANZO, ET AL.; CIVIL NO. 18-00021 JMS-RLP; ORDER GRANTING PLAINTIFF'S MOTION FOR A JURY TRIAL**