IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| QUINTIN-JOHN D'AGIRBAUD, III, #A0265488, | ) ) ) | Civ. No. 18-00021 JMS-RLP |
| | ) | ORDER DENYING SECOND |
| Plaintiff, | ) | MOTION FOR APPOINTMENT OF |
| | ) | COUNSEL, ECF NO. 46 |
| vs. | ) ) | |
| SARAH ALANZO, et al., | ) ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL, ECF NO. 46**

**I. INTRODUCTION**

On March 19, 2018, this court issued an Order denying pro se Plaintiff

Quintin-John D'Agirbaud III's ("Plaintiff) motions for injunctive relief and for

appointment of counsel (the "March 19 Order").  ECF No. 15.  On March 1, 2019,

Plaintiff filed a Motion for Reconsideration of the March 19 Order's denial of

appointment of counsel, which the court construes as a Second Motion for

Appointment of Counsel.[1]  ECF No. 46.  Pursuant to Local Rule 7.2(d), the court

---

[1]  Motions for reconsideration of interlocutory orders are governed by Local Rule 60.1, which requires that such motions "be filed and served not more than fourteen (14) days after the court's written order is filed."  LR 60.1(c).  Because the instant Motion was filed nearly a year after the March 19 Order was filed and served, reconsideration is not appropriate.

finds this matter suitable for disposition without a hearing. For the following reasons, Plaintiff's Motion is DENIED.

## II. DISCUSSION

Plaintiff argues that he "will be better served with the assistance of counsel" because his work furlough job does not leave him with "the time or resources to dedicate to his case." Mot. ¶¶ 2-3, 8. More specifically, Plaintiff argues that he lacks "a prison law library and [has] limited access to the State Library." *Id.* ¶ 3.

Generally, a civil litigant has no constitutional right to counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, pursuant to 28 U.S.C. § 1915(e)(1), the court "may under 'exceptional circumstances'" request that counsel represent "indigent civil litigants." *Id.*; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) ("The decision to appoint such counsel is . . . granted only in exceptional circumstances.") (quotation marks and citation omitted). In determining whether "exceptional circumstances" exist, the court must consider a litigant's "'likelihood of success on the merits as well as the [litigant's] ability . . . to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718

F.2d 952, 954 (9th Cir. 1983)). Difficulties that any litigant proceeding pro se would face "do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Plaintiff concedes that "the legal issues in this case are not particularly complex." Mot. ¶ 8. And he has demonstrated that he is able to present his claims adequately. For example, after screening, the court determined that Plaintiff stated plausible claims and directed service of his Complaint. *See* Orders, ECF Nos. 7, 10. And more recently, Plaintiff was able to articulate and prevail on his motion to amend the Rule 16 scheduling order to set this matter for a jury trial. *See* ECF Nos. 44, 49. Further, the limitations on Plaintiff's time and access to libraries because of his work furlough job are not difficulties beyond those that any civil litigant would face. In short, Plaintiff has not established the requisite "exceptional circumstances" to warrant appointment of counsel.

///

///

///

///

///

///

## III.  CONCLUSION

Based on the foregoing, the court DENIES Plaintiff's Second Motion

for Appointment of Counsel, ECF No. 46.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 19, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*D'Agirbaud v. Alanzo, et al.*, Civ. No. 18-00021 JMS-RLP, Order Denying Second Motion for
Appointment of Counsel, ECF No. 46