IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Quintin-John D'Agirbaud, III, | ) ) ) | CV 18-00021 JMS-WRP |
| Plaintiff, | ) ) ) | SECOND AMENDED RULE 16 SCHEDULING ORDER (PRISONER PRO SE; NO DISCLOSURE) |
| vs. | ) ) | |
| Sarah Alanzo, et al. | ) ) | |
| Defendants. | ) ) | |

SECOND AMENDED RULE 16 SCHEDULING ORDER
(PRISONER PRO SE; NO DISCLOSURE)

The Court enters this second amended scheduling order to reflect the trial date and other deadlines.

The Parties are NOTIFIED that all pretrial proceedings will be conducted by telecommunications technologies to allow Plaintiff to remain in the penal institution.  *See* 42 U.S.C. § 1997e(f).  At the Court's discretion, hearings may be conducted in the institution, subject to institution officials' agreement. *Id.*  When practicable, counsel shall be allowed to participate by telecommunications technology when any pretrial proceeding is held in the prison.

TRIAL AND CONFERENCE SCHEDULING:

1. Jury trial in this matter will commence before the Honorable J. Michael Seabright, United States District Judge on 12/10/2019, at 9:00 a.m.

2.  A final pre-trial conference shall be held on 11/4/2019, at 10:00 a.m. before the Honorable Wes Reber Porter, United

States Magistrate Judge.

    3.   N/A

    4.   Pursuant to LR16.6, each party herein shall serve and file a separate pre-trial statement by 10/28/2019.

MOTIONS:

    5.   All motions to join additional parties or to amend the pleadings shall be filed by 1/29/2019 (closed).

    6.   Defendants shall file motions raising the issue of failure to exhaust prison administrative remedies on or before 10/05/2019 (closed).  LR 99.16.2(c). Defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), if the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment.  *Albino v. Baca*, 747 F.3d 1162, 1168-69 (9th Cir. 2014).

    7.   Motions in limine shall be filed by 11/19/2019. Opposition memoranda to a motion in limine shall be filed by 11/26/2019.

    8.   All motions not otherwise provided for herein shall be filed by 8/13/2019.

    9.   The parties are notified that they must comply with LR7.5. when filing motions.  To prevent circumvention of the local rules, the parties should attempt to consolidate all issues into a single motion to dismiss under Fed. R. Civ. P. 12 and a single motion for summary judgment under Fed. R. Civ. P. 56,

excepting motions raising failure to exhaust prison administrative remedies, which may be filed separately to comply with the deadlines set forth in this Order.

    10.   Plaintiff is NOTIFIED that he has the opportunity to develop a record in response to any motion to dismiss for lack of exhaustion or motion for summary judgment. A copy of the Court's Notice to Pro Se Prisoners, detailing the requirements for opposing a motion to dismiss for lack of exhaustion or a motion for summary judgment is attached to this scheduling order.

    11.   Defendants are NOTIFIED that when they file a motion to dismiss for failure to exhaust or any motion for summary judgment they **SHALL** contemporaneously file a separate notice to the prisoner advising him or her of the requirements for opposing such motions. See LR99.56.2

    12.   Motions deadlines will be strictly enforced. After the deadline has passed, the parties may not file such motions except with leave of court, with good cause shown.

DISCOVERY:

    13.   The Court elects <u>not</u> to apply the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) to this matter.

    14.   Each party shall serve and file a disclosure of all non-expert witnesses reasonably expected to be called at trial according to the following schedule:

        a.   Plaintiff shall comply by 11/27/2018 (closed).

        b.   Defendants shall comply by 12/04/2018 (closed).

15.   The disclosure of non-expert witnesses shall include the full name, address, and telephone number of each witness, and a short summary of anticipated testimony.  If certain required information is not available, the disclosure shall so state.  Each party shall be responsible for updating its disclosures as such information becomes available.  The duty to update such disclosure shall continue up to and including the date that trial herein actually terminates.

16.   Pursuant to Fed. R. Civ. P. 26(a)(2), each party shall disclose to each other party the identity and written report of any person who may be used at trial to present expert evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, according to the following schedule:

        a.   Plaintiff shall comply by 8/13/2019.

        b.   Defendants shall comply by 9/10/2019.

17.   Pursuant to Fed. R. Civ. P. 16(b)(3) and LR16.2(a)(6), the discovery deadline shall be 10/8/2019.  Unless otherwise permitted by the Court, all discovery pursuant to Fed. R. Civ. P. 26-37 inclusive must be completed by the discovery deadline.  Unless otherwise permitted by the Court, all discovery motions and conferences made or requested pursuant to Fed. R. Civ. P. 26-37 inclusive and LR26.1, 26.2, and 37.1 shall be heard by the discovery deadline.  While Fed. R. Civ. P. 29 allows the parties

to extend certain discovery deadlines by agreement, such stipulations do not, without prior court order, extend the Court's obligation to adjudicate discovery disputes.

SETTLEMENT:

19. The parties shall be ON CALL for a settlement conference before the Honorable Wes Reber Porter, United States Magistrate Judge.

19.  If a settlement conference is scheduled, each party shall deliver to the presiding Magistrate Judge a confidential settlement conference statement five (5) days before a settlement conference.  The parties are directed to LR16.5(b) for the requirements of the confidential settlement conference statement.

Unless otherwise ordered by the Court prior to the date of the settlement conference, each party or the party's representative having full authority to negotiate and settle the case on terms proposed by the opposing party shall appear at the settlement conference, either in person, or for pro se prisoners, by telephone.  Counsel may appear as a party's representative provided counsel produces for the Court full written authority from the party to negotiate and settle the case on terms proposed by the opposing party without further consultations with the party.

Parties are reminded that failure to comply with

LR16.5(b)(1) and (2) may result in sanctions imposed under LR16.5(3).

OTHER MATTERS:

20. This order shall continue in effect unless and until amended by subsequent order of the Court.

21. FURTHER PROVISIONS: None.

IT IS SO ORDERED.

DATED, HONOLULU, HAWAII, JUNE 19, 2019.



/s/   Wes Reber Porter
Wes Reber Porter
United States Magistrate Judge

**NOTICE TO PRO SE LITIGANTS**

Defendants may move to dismiss your case for lack of exhaustion under Rule 12(b) or Rule 56 of the Federal Rules of Civil Procedure.  Defendants may also move for summary judgment on other dispositive issues pursuant to Rule 56.  Defendants and/or the court must provide this notice to a pro se prisoner at the same time that Defendants make such motions.  *See Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012).  Plaintiff is notified of his/her opportunity to develop a record in response to either closely analogous procedure.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); *Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998) (*en banc*).

Rule 56 tells you what you must do in order to oppose a motion such motions. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  You must set forth specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), contradicting the facts shown in the defendants declarations and documents and showing that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

All parties, pro se or not, must comply with the Local Rules for the District of Hawaii.  Local Rule LR56.1 sets out the local requirements for summary judgment motions and oppositions to such motions.  To oppose a motion, you must file a concise statement that accepts the facts set forth in the moving parties= concise statement, or sets forth all material facts to which it is contended there exists a genuine issue necessary to be litigated. When preparing the separate concise statement, you must reference only the material facts that are absolutely necessary for the court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports your interpretation of the material fact.  Documents referenced in the concise statement shall not be

filed in their entirety. Instead, you shall extract and highlight only the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting will be adequate. The concise statement shall be no longer than five (5) pages.

When resolving motions for summary judgment, the court has no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statement.  If necessary, you may request further guidance from the court regarding the requirements of Fed. R. Civ. P. 56 and LR 56.1.