IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| QUINTIN-JOHN D'AGIRBAUD, III, #A0265488, | CIV. NO. 18-00021 JMS-WRP |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTIVE RELIEF AND TEMPORARY RESTRAINING ORDERS, ECF NO. 65 |
| vs. | |
| SARAH ALANZO and DOVIE BORGES, | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTIVE RELIEF AND TEMPORARY RESTRAINING ORDERS, ECF NO. 65**

**I. INTRODUCTION**

Before the court is pro se Plaintiff Quintin-John D'Agirbaud, III's ("Plaintiff") "Motion for Temporary Injunctive Relief and Temporary Restraining Orders." ECF No. 65. Plaintiff seeks unspecified injunctive relief against Defendants Sarah Alanzo[1] ("Alonzo-Cabardo") and Dovie Borges ("Borges")

---

[1] As evidenced by the Declaration of Sarah Alonzo-Cabardo, ECF No. 68-1, Defendant Sarah Alanzo's correct name is Sarah Alonzo-Cabardo. Thus, when referring to this Defendant, the court uses her correct name.

(collectively, "Defendants"), USO gang members, closed custody[2] and/or violent inmates, and the State of Hawaii. For the following reasons, the Motion is DENIED.

## II. DISCUSSION

**A.   Background**

Plaintiff filed the instant Motion on July 5, 2019, and Defendants filed an Opposition on July 10, 2019. ECF Nos. 65, 68. Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

Plaintiff alleges that: (1) despite submitting numerous requests to Program Control Administrator ("PCA") Gary Kaplan ("Kaplan") to be moved from Halawa Correctional Facility ("HCF") Module 1B to another module,[3] Kaplan has neither answered those requests nor moved Plaintiff; (2) another inmate told Plaintiff that Alonzo-Cabardo is going through Plaintiff's mail and housing requests; (3) Alonzo-Cabardo is harassing Plaintiff by assigning him violent, closed custody cellmates, and telling other inmates that Plaintiff is "ratting" on inmates; (4) on June 1, 2019, Plaintiff was threatened by his cellmate, who was

---

[2] The Department of Public Safety ("DPS") defines "close custody" inmates as those inmates with "long minimum sentences (21 years or longer), serious escape risks, and other types of inmate characteristics that may require higher controls in the general population." DPS Policy No. COR.18.01.4.2.

[3] Plaintiff initially sought transfer to Module 4A, but more recently requested transfer to Module 3A. ECF No. 65 at PageID #393-94.

then removed and replaced with another closed custody cellmate; (5) a USO gang leader told Plaintiff to stop ratting or "he and his 'boys' were going to 'light . . . up' Plaintiff"; (6) on July 1, 2019, a prison librarian told Plaintiff that Kaplan told the librarian to "write Plaintiff up" for typing another housing request; and (7) Defendants will try to relocate Plaintiff to an Arizona prison "in the guise of 'overcrowding' to further delay Plaintiff's progress in this current civil suit." ECF No. 65 at PageID #392-96. Plaintiff argues that he has "multiple separatees" against USO gang members, and therefore "should not be housed with or around such inmates." *Id.* at PageID #395. Plaintiff further argues that he "does not need to be placed in segregation . . . ." *Id.* at PageID #396.

Defendants explain that when an inmate's separatee request against another inmate is granted, "the two inmates must be housed in separate modules." ECF No. 68 at PageID #407. Defendants further explain that because Plaintiff has "tak[en] out separatee requests against many other inmates," he has "limited his available housing assignments." *Id.*; *see also* Declaration of Gary B. Kaplan ¶ 4, ECF No. 68-3 ("Plaintiff has several separatee orders against other inmates which greatly restrict available housing assignments for Plainitff."). Kaplan also states that in accordance with DPS "procedures and protocols, gang members and closed custody inmates who qualify for medium custody general population are disbursed throughout the general population. Experience has taught us that so disbursing

3

these inmates is far safer and causes fewer problems than concentrating them together with like kind." Kaplan Decl. ¶ 6, ECF No. 68-3. According to Defendants, an inmate's initial housing placement is done by Kaplan; cell assignments are then made by the Sergeant on duty, the Unit Team Manager (Janice Lepule), or other supervisory staff authorized to make changes; and that neither Alonzo-Cabardo nor Borges make housing assignments. *See* ECF No. 68 at PageID #407; Declaration of Sarah Alonzo-Cabardo ¶ 4, ECF No. 68-1; Declaration of Janice Lepule ¶¶ 3-4, ECF No. 68-2.

**B.  Legal Standard**

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002) (citation omitted); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction is an "extraordinary and drastic remedy" never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). "To warrant a preliminary injunction, [Plaintiff] must demonstrate that [he] meets all four of the elements of the preliminary injunction test established in [*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)]." *DISH*

4

*Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011).  To meet the *Winter* elements, "a plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest."  *BOKF, NA v. Estes*, 923 F.3d 558, 561-62 (9th Cir. 2019) (citation and quotation marks omitted).  "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."  *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).  Preliminary injunctive relief should always be denied, however, if the probability of success on the merits is low.  *See Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) (stating that "even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits") (citation omitted).

However, where a plaintiff seeks an injunction requiring the defendant to take affirmative action—such as ordering Plaintiff transferred to another

module—it is considered a mandatory injunction[4] and is "particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citations omitted). A mandatory injunction is "not granted unless extreme or very serious damage will result and [is] not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Id.* (quoting *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1980)); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011). That is, the court "should deny such relief 'unless the facts and law *clearly favor* the moving party.'" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)) (emphasis added).

## C. Application of Legal Standard to Plaintiff's Motion

Here, Plaintiff's Motion for injunctive relief fails because he has failed to establish the requisite *Winter* elements.

First, Plaintiff has failed to demonstrate that he is likely to succeed on the merits. To the extent Plaintiff seeks an order directing Defendants to transfer him to a different module, Plaintiff has no constitutional right to any particular

---

[4] There are two types of preliminary injunctions: (1) a "mandatory injunction," which "orders a responsible party to take action," and (2) a "prohibitory injunction," which "prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009) (internal quotation marks, brackets, and citations omitted).

prison, security classification, or housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Montayne v. Haymes*, 427 U.S. 236, 242 (1976); *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir. 1986). And neither Alonzo-Cabardo nor Borges has authority over Plaintiff's housing assignments. Moreover, because USO gang members, closed custody and violent inmates, and the State of Hawaii are not parties to this lawsuit, the court lacks authority to issue an injunction against them. *See* Fed. R. Civ. P. 65(d)(2) (providing that an injunction binds only the parties, their officers, agents, servants, employees, and attorneys, and other persons actively in concert or participation with them); *see also Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) (recognizing that a court may issue an injunction only "if it has personal jurisdiction over the parties"). Thus, Plaintiff's success on the merits is highly unlikely.

Second, Plaintiff fails to establish that he is *likely* to suffer irreparable harm absent injunctive relief. *See Winter*, 555 U.S. at 22. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). That is, "[a] plaintiff must do more than merely allege imminent harm . . . ; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id.* (citation and emphasis omitted). Here,

Plaintiff's allegations that he may be harmed by USO gang members and that he believes Defendants will take action to delay his progress in this lawsuit are purely speculative and do not demonstrate an *immediate* threat of injury. Moreover, Plaintiff has demonstrated that he knows how to seek separatee orders with respect to particular inmates should he fear for his safety. And Plaintiff's statement that he does not need to be placed in segregation further demonstrates his belief that he is not at risk of *imminent* harm. Thus, Plaintiff has failed to establish the second *Winter* element.

      Third, Plaintiff fails to show that the balance of equities tips in his favor or that an injunction is in the public interest. Under well-settled law, "[p]rison administrators are entitled to 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Griffin v. Gomez*, 741 F.3d 10, 20 (9th Cir. 2014) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). Such deference requires that the court refrain from substituting its judgment for that of prison officials who have made considered choices. *Id.* (citing *Whitley v. Albers*, 475 U.S. 312, 322 (1986)) (other citation omitted). "In particular, federal courts should exercise restraint when reviewing management decisions taken by prison administrators to secure the safety of prisoners and state prison personnel." *Id.* Here, given that Plaintiff has obtained several separatee

orders against various inmates; that such orders restrict his housing options;[5] and that based on DPS procedures, protocol, and experience, closed custody inmates are housed throughout the general population, Plaintiff has failed to show that the balance of equities tips in his favor. Further, because the DPS's policy of disbursing closed custody inmates throughout the general prison population is aimed at maximizing safety of both inmates and prison personnel throughout the prison, Plaintiff has failed to show that the injunctive relief he seeks is in the public interest.

In sum, because Plaintiff has failed to establish all four *Winter* elements, he has failed to carry his burden to obtain injunctive relief.

///

///

///

///

///

///

///

///

---

[5] Although Plaintiff seeks transfer to Module 3A, that option is not available because he has a separatee order against another inmate, Joseph Pitts, who is housed in Module 3A. *See* Kaplan Decl. ¶8, ECF No. 68-3.

## III. CONCLUSION

Based on the foregoing, the Motion for Temporary Injunctive Relief and Temporary Restraining Orders is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 16, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*D'Agirbaud v. Alanzo, et al.*, Civ. No. 18-00021 JMS-WRP, Order Denying Plaintiff's Motion for Temporary Injunctive Relief and Temporary Restraining Orders, ECF No. 65